## The People on the relation of Patrick McPharlin v. William C. Mahoney.

*Library moneys: Custodian: Town treasurer: School inspectors: Mandamus.* The treasurer of the board of school inspectors, and not the town treasurer, is the proper custodian of the township library money; and the latter officer, on proper demand, is bound to pay it over to the former, and is not entitled to withhold it until it is drawn by the inspectors as needed for specific appropriations; and *mandamus* will lie to enforce the performance of this duty.

*Mandamus: Town treasurer: Library moneys: School inspectors: Orders.* It is a sufficient ground for an application for *mandamus* to enforce such payment, that the town treasurer, when an order was properly drawn on him by the inspectors for such money, but for an amount slightly in excess of the money in his hands, refused to pay over what he had, not upon the ground that the order was for too large a sum, but upon the distinct assertion that he was himself the proper custodian of the funds, and was not bound to pay them over except as they were required by the inspectors for specific purposes.

*Heard July 21. Decided July 22.*

Application for *mandamus*.

The relator is treasurer of the board of school inspectors of the township of Hamtramck, in Wayne county, and as such made a general demand of the respondent, who is township treasurer of said township, for library moneys in his hands belonging to the township, which was refused. This general demand was then withdrawn, and a specific order was drawn on him by the board of inspectors for the amount supposed by them to be in respondent's hands. The respondent refused to pay this order on the ground that he was the proper custodian of the fund until appropriations were actually made by the board of inspectors for library purposes, asserting that he was charged with these moneys, and was accountable for their disbursement, and insisting that the statute made no provision for the treasurer of the board of inspectors accounting for or paying over to any one such of said moneys as might remain unexpended. He therefore declined to pay over any thing upon the order. The relator applies for *mandamus*, setting forth these demands and refusals. Respondent, in his answer,

avers that he has not in his hands of said moneys the amount of the order, but admits that he has an amount only a few dollars less than that named in the order, and he alleges as reasons for not having paid over what he admits he has, substantially the same as are above stated.

*F. A. Baker*, for relator.

*E. F. Conely*, for respondent.

PER CURIAM.

The refusal of payment of the order drawn on respondent by the board of inspectors, though it was slightly in excess of the money in his hands, was a sufficient ground for this application, inasmuch as the respondent made no offer to pay what he had, but refused on an entirely distinct ground to pay any thing; and a receipt on that order would have been a sufficient voucher for him to the extent of the money paid.

Under the statute (*Comp. L.*, §§ *3639*, *3643*), the treasurer of the board of school inspectors is the proper custodian of the library moneys of the township. The town treasurer has no right to intermeddle with, or pass judgment upon, the discretion of the board of inspectors in the use of such moneys. It is their right to demand, and his duty to pay over the money when they desire to obtain it; and they are not required to wait until it is needed for specific purposes before demanding it, or to explain to him why or for what purpose they want it. These moneys properly belong with their own treasurer, who is legally responsible, with his sureties, for all such moneys in his hands, and bound to account for and pay over what remains unexpended.

Writ granted for the amount admitted to be in respondent's hands.