## The People on the relation of John D. Burns v. George H. Bender.

*School districts: Disbursement of school moneys: Assessor: Treasurer: District officers.* The disbursement of all school moneys is required by the statute (*Comp. L. 1871,* §§ *3623, 3612, 3609*) to be made by orders drawn on the assessor by the director and countersigned by the moderator; and all moneys belonging to the district in the town treasurer's hands are required to be paid to the assessor on warrants drawn by the director and countersigned by the moderator. The assessor is made treasurer of the district, and required to hold all district moneys until properly drawn out by warrant. It is made the express duty of the director to draw and sign warrants upon the township treasurer, payable to the assessor, for all moneys raised for district purposes, or apportioned to the district by the township clerk, and present them to the moderator to be signed; and it is made the duty of the moderator to countersign such warrants.

*Town treasurers: District moneys: Disbursement: Transfer to assessor: Moderator.* District moneys in the hands of the town treasurer are not subject to be applied to any district purpose except through the hands of the assessor. And the duty of suing to thus transfer them into the custody of the assessor if qualified, is laid on the director; and the duty of procuring this transfer within some reasonable time is not discretionary, but absolute. The moderator is bound under ordinary circumstances to countersign all orders of the director for that purpose; and if he refuses in a proper case to do so, *mandamus* will lie to compel him.

*School moneys: Warrant: Moderator: Mandamus: Relator.* The statute making it the duty of the director to present the warrant to the moderator for signature, he may properly be a relator to obtain it by compulsion of law when refused. He is the proper custodian of the completed warrant, for the purpose of delivery to the assessor.

*Mandamus: Relator: Assessor.* The query is suggested, whether the assessor would not also be a competent relator.

*Town treasurers: School moneys: Payments: Warrants.* The town treasurer has no authority to make payments of district moneys, even to the assessor, except upon the warrant prescribed by statute; and no payment not authorized by warrant is a valid official payment, such as to preclude the district from holding him responsible for moneys lawfully in his hands. Payments made otherwise than in the prescribed mode are made in his own wrong, and cannot diminish the fund for which he is responsible.

*Double functions: Town treasurer: School moderator: Duty.* Respondent occupying the double position of moderator and town treasurer, is not thereby authorized to set up his previous illegal disbursements of the district moneys as treasurer as an excuse for not doing his duty as moderator; his double functions will not relieve him in one capacity from doing his duty in another.

*Submitted on briefs January 23. Decided April 10.*

Application for *mandamus*.

*E. S. Pratt*, for relator, cited: *Comp. L. 1871*, §§ *1025, 3623, 3609;* *23 Mich., 111; High on Ex. L. Rem., 330, and cases cited.*

*McIntyre & Rice*, for respondent, cited: *19 Mich., 299; 4 Mich.,* *103, 98; Comp. L. 1871*, §§ *3609, 3613; School Laws 1873, p.* *30, and note to* § *29.*

CAMPBELL, J :

The relator, who is director of the district, asks a *man-damus* to compel the respondent, who is moderator, to countersign an order in favor of the assessor of the school district, for district money in the hands of the town treas-urer.

The statute is very clear that the disbursement of all school moneys shall be made by orders drawn on the assessor by the director and countersigned by the moderator.—*C. L.,* §§ *3623, 3612, 3609.* It is equally clear that all moneys belonging to the district in the town treasurer's hands shall be paid to the assessor on warrants drawn by the director and countersigned by the moderator.—*C. L.,* §§ *1,025,* *3609, 3623.* These orders on the town treasurer are not negotiable, but are designed to transfer the moneys to the assessor officially, as the depositary or treasurer of the dis-trict, who is to hold all such moneys until properly drawn out by warrant.—*Fractional School District v. Mallary, 23* *Mich. R., 111; Fox v. Shipman, 19 Mich. R., 218.*

It is made the express duty of the director to "draw and sign warrants upon the township treasurer for all moneys raised for district purposes, or apportioned to the district by the township clerk, payable to the assessor of the district" (§ *3623*), "and present them to the moderator to be signed by him."—*Id.*

It is made the duty of the moderator to countersign such warrants.—§ *3609.*

When moneys are in the hands of the town treasurer belonging to the district, they are not subject to be applied to any district purpose except through the hands of the

assessor, and the duty of suing to thus transfer into the custody of this officer if qualified, is laid on the director. As the assessor is the only legal district depositary, the duty of procuring this transfer within some reasonable time is not discretionary, but absolute, and the moderator is bound, under ordinary circumstances, to countersign all orders of the director for that purpose. The assessor's bond is deposited with the moderator, who cannot, therefore, be ignorant as to his position, and the town treasurer has no concern in the matter. It is impossible for the district to be legally damnified by the reception of its own money. In the case of disbursements out of the fund in the assessor's hands, the moderator may no doubt object to signing any unauthorized warrants.— *Stockwell v. Town Board of White Lake, 22 Mich., 341.* But it must be a very plain case of wrong, if any case is possible when there is a qualified assessor under good bonds, where the moderator can refuse to enable the district to obtain its own funds. And the town treasurer has no right to object.—*McPharlin v. Mahoney, 30 Mich., 100.*

It is objected that the assessor, and not the director, should appear as relator.

We are not prepared to say that the assessor would not be a competent relator.—§ *3613, C. L.* But under the statute, which makes it the duty of the director to present the warrant to the moderator for signature (§ *3623*), it is plain that the assessor is expected to receive the warrant in its completed form from the director, and that a warrant not countersigned is not to be delivered over. As the director is to be the active party in procuring the moderator's signature, we think he may properly be a relator to obtain it by compulsion of law when refused. He is the proper custodian of the completed warrant for the purpose of delivery to the assessor.

The objection to the *mandamus* is upon the claim that no money is in the hands of the township treasurer belong-

ing to the district, and that there is no right, therefore, to any warrant.

The fact is admitted, that on the 4th of September, 1876, the town treasurer had in his hands one hundred and twenty dollars of district money. It is also admitted that the relator, the assessor and the moderator, are the persons named in the papers. Respondent now occupies the double position of moderator and town treasurer. He claims that as town treasurer, and before he is averred to have become moderator, he paid over the money to a former assessor named Hiram H. Bradford, on the 5th of September, 1876, and that Bradford disbursed it to pay a teacher who had a valid contract against the district, but it is not claimed this payment was under any warrant.

As an assessor can pay out no money lawfully without a warrant, such use of the money is quite foreign to this issue. The question here is, whether the payment to him by the treasurer was warranted. If not, then his use of it becomes unimportant. There is no averment that he paid it out in such a way as would have been lawful. No payment not authorized by warrant would be a valid official payment so as to preclude the district from holding him responsible for moneys lawfully in his hands. And on the other hand, a town treasurer has no right to pay money to an assessor until he produces the warrant of the director and moderator. All district funds once in the hands of the town treasurer must in law be regarded as continuing in his official custody until lawfully drawn out. Payments made otherwise are made in his own wrong, and cannot diminish the fund for which he is responsible.—*McCormick v. Bay City, 23 Mich., 457.*

In this case the moderator is seeking to set up a defense which belongs properly to the treasurer. Still the exhaustion of the fund by legal payments might be a sufficient reason for not compelling a warrant to be issued which would be nugatory.

But there is neither suggestion nor pretext that any of the district fund of one hundred and twenty dollars was ever drawn out of the treasurer's hands by warrant. We need not conjecture why no previous warrant was drawn in favor of the old assessor, or why he ceased to be assessor. There are certainly ways imaginable for an assessor to be lawfully removed, and reasons—as for example, his failure to give bond—why moneys might not have been placed in his hands by the director and moderator. We need not speculate on the reasons which may have led the treasurer to pay money which he had no right to pay. Such a payment was not a lawful payment as against the district, and affords no reason why he should not answer the call of a warrant, and furnishes no excuse to the moderator for not signing it. His double functions as moderator and treasurer will not relieve him in one capacity from doing his duty in another.

No reason is shown why the *mandamus* should not be issued, and it is allowed as prayed.

The other Justices concurred.