HENRY MOILES, ASSESSOR OF SCHOOL DISTRICT No. 1, OF
THE TOWNSHIP OF DETOUR, v. THOMAS H. WAT-
SON, TREASURER, ETC.

*Primary school money—Apportionment of by superintendent of public in-
struction—Direction for its payment as between school districts, if
accompanying the apportionment, cannot be altered or modified
by town clerk—Title of defacto officer will not be tried
on application for mandamus.*

The superintendent of public instruction, in his apportionment of the
primary school interest fund to a township containing four organ-
ized school districts, directed the payment of the sum apportioned
to *one* of the four districts, under How. Stat. §§ 5029–5031, 5052. The
county treasurer paid over the money to the treasurer of the town-
ship, but no apportionment was made by the town clerk. A war-
rant was drawn by the proper officers of the school district, in favor
of its assessor, upon the township treasurer for the amount appor-
tioned, who refused payment, alleging as his reasons: 1. That the
assessor was not a duly qualified officer, and 2. That no apportion-
ment had been made by the township clerk of said fund to said
school district.

*Held,* that the direction for the payment of the money to said dis-
trict followed the same into the hands of the township treasurer, and
that no other or further apportionment was necessary, or could be
made by the township clerk, who was powerless to alter or modify
the action of the superintendent of public instruction in the premises.

*Held,* further, that no question being made but that the assessor
is such *de facto,* the question of his being such officer *de jure* cannot
be determined in this proceeding. *Mead v. Treasurer of Ingham Co.,*
36 Mich. 416.

Mandamus. Heard February 18, 1886. Granted April
8, 1886.

The facts are stated in the opinion.

*John H. Goff* and *E. C. Chapin,* for relator :

Cited the sections of the statute referred to in the opin-
ion in support of action of superintendent of public instruc-
tion.

Title to office will not be tried on an application for mandamus: *Mead v. Treasurer of Ingham Co.*, 36 Mich. 416.

*W. B. Cady*, for respondent:

The action of the treasurer is based on the prior action of the clerk, who must make the apportionment before the treasurer can know to whom, and what amounts, he is to pay. Such apportionment is a prerequisite to any action or payment by the treasurer: How. Stat. § 5088. The warrant had no sufficient data upon which to issue. It could not legally issue until after such apportionment by the clerk, and the notification of the director by him of the amount apportioned to his district: How. Stat. § 5089; and without such action there would be no limit to the amounts which any director could draw warrants for, and no protection for the treasurer in his payments: How. Stat. §§ 5088, 5089. There being four organized school districts in the township, two of which were claiming to be entitled to a portion of the fund, the respondent had no right to assume, without due legal information, that only one was entitled thereto. He has acted in strict conformity with the statutes, and the writ should be denied.

SHERWOOD, J. The relator in this case is the assessor of school district No. 1, in the township of Detour, in the county of Chippewa.

The superintendent of public instruction, in May, 1885, apportioned of the primary school interest fund to the township of Detour, and to the said school district No. 1 the sum of $188.48, which was on the tenth day of August, 1885, paid to the respondent by the county treasurer.

On the twelfth day of October following, a warrant, drawn by the proper officers of the said school district, was presented by the relator to the respondent for payment, and payment thereof was refused upon the following grounds:

1. That the relator was not a duly qualified officer.
2. That the township clerk of said township of Detour had made no apportionment of the said school fund to said district No. 1, and the respondent relies on section 5088 and 5089 of Howell's Statutes[1] to sustain his position.

---

[1] Sec. 5088. "On receiving notice from the county treasurer of the amount of school moneys apportioned to his township, the township

It appears from the record that the township of Detour contained but four school districts in the year 1884, and down to the time of filing relator's petition.

How. Stat. § 5029[1], provides that the superintendent of public instruction shall, previous to the tenth day of May in each year, apportion the primary school interest fund among the several townships and cities, in proportion to the number of children in each, between the ages of five and twenty years, as the same shall appear by the reports of the several boards of school inspectors made to him the year before. The report of the school inspectors for the township of Detour for 1884 contained statements of two districts only, viz.: No. 1 and No. 3.

District No. 3 had thirty-one children between the ages required, but had but three months' school during the year. Five months' school was necessary to entitle it to a share of the fund, unless otherwise ordered by the superintendent in his discretion upon a proper showing. See How. Stat. §§ 5031, 5052. No such showing was made as is provided in the section referred to (§ 5031), and the superintendent did not include district No. 3 in his apportionment of the fund, but directed that the amount apportioned to the township be paid to district No. 1, and certified the apportionment to the township of Detour accordingly.

---

clerk shall apportion the same amount to the several districts therein entitled to the same, in proportion to the number of children in each, between the ages of five and twenty years, as the same shall be shown by the annual report of the director of each district for the school year last closed."

Sec. 5089. "Said clerk shall also apportion to the school districts in his township, as required by law, on receiving notice of the amount from the township treasurer, all moneys raised by township tax, or received from other sources, for the support of schools; and in all cases make out and deliver to the township treasurer a written statement of the number of children in each district drawing money, and the amount apportioned to each district, and record the apportionment in his office; and whenever an apportionment of the primary school interest fund, or moneys raised by tax, or received from other sources, is made, he shall give notice of the amount to be received by each district to the director thereof."

[1]Act 202, Session Laws of 1885, amends sec. 5029 by providing for semi annual apportionments between the first and tenth days of May and November.

The money, under such certificate, was received by the county-treasurer, and paid over by him, as he had received it, to the township treasurer, who is the respondent.

It will be noticed that the direction for its payment was made by the superintendent of public instruction under the statute, and this instruction followed the money into the hands of the township treasurer, and no other or further apportionment was necessary to be made. Indeed, none could be made by the township clerk.

He could neither alter nor modify the doings of the superintendent of public instruction in the premises.

There is no question made but that the person presenting the order for the money was the assessor *de facto* of district No. 1; and whether he was or not such officer *de jure* cannot be determined in this case: *Mead v. Treasurer of Ingham Co.*, 36 Mich. 416.

The proper order was presented to the respondent for the money, signed by the proper officers of the district, and it was his duty to have paid it over when the demand was made upon him for it.

Whatever remains thereof in his hands must still be paid to the district, and a *mandamus* will be granted to compel such payment.

The other Justices concurred.