THOMAS MERRILL v. COUNTY TREASURER OF GLADWIN COUNTY.

*Mandamus—Statute of limitations—Court has refused to permit plea of to prevent payment of just claim where delay was less than ten years— Where answer shows claim to be fraudulent, and no issue is claimed by relator, plea will be entertained—If answer is responsive, or fails to admit relator's case, it will be taken as true on a hearing upon the pleadings—And will determine propriety of issuing writ.*

A county treasurer was ordered to show cause why a writ of *mandamus* should not issue to compel the payment of a county order held by relator, and in his answer left relator to his proofs as to the genuineness of the order and the payment of a duplicate one for the same claim. He further alleged that the order was fraudulently obtained, and that relator's claim was barred by the statute of limitations. No issue was demanded, but relator went to a hearing on the pleadings.

*Held*, that while the Court has sometimes refused to permit the plea of the statute of limitations to interfere with the issuing of a *mandamus*, when interposed to prevent the payment of a just claim and the period was less than ten years, yet, it being a discretionary writ, the plea will be entertained, and the writ refused, where the answer shows that the claim sought to be enforced is fraudulent, and the relator fails to ask for an issue to determine the fact.

*Held*, further, that where the answer is responsive, or does not admit relator's case, and he sees fit to go to a hearing upon the pleadings, it is taken as true, and determines the propriety of issuing the writ.

*Mandamus.* Submitted April 15, 1886. Denied April 22, 1886.

The facts are stated in the opinion and head-note.

*F. L. Eaton*, for relator.

*W. E. Barber* and *Clarence H. Pearson*, for respondent.

CHAMPLIN, J. This is an application for a peremptory *mandamus* to compel the respondent to pay to the relator the amount of contingent Gladwin county order No. 350. The relator claims :

"1. That the order was drawn November 22, 1876, by the board of supervisors of Gladwin county, upon the treasurer thereof, for $300, payable to Fred. W. Hollister for services as architect in the construction of the court-house for said county.

"2. That the county treasurer not having funds to pay said order, Hollister sold it to the relator, December 2, 1876, and relator presented it for payment March 1, 1877, when the county treasurer, not having funds to pay it, made an indorsement of the fact of presentation upon said order, according to a rule adopted in said county of paying interest on orders from the date of such presentation.

"3. That the relator presented said order for payment several times, but payment was not made, upon various pretexts, but said order was never repudiated, and payment was never absolutely refused, until January 5, 1886."

February 9, 1886, this application was made for a *mandamus*, and an order to show cause granted, returnable March 6, 1886.

Respondent served his return March 5, 1886, and relator's replication was filed and served March 15, 1886.

The answer of the respondent does not admit the relator's case. He says "he is not informed whether said order number 250 is genuine or not, but has been informed and believes that an order drawn to the said Hollister for the same amount, and bearing the same date and number, has been paid by the county, and leaves relator to his proofs."

He also, in his answer, sets up that the order was fraudulently obtained, and other facts which, if true, would defeat the present application.

He also insists that the claim made by relator is barred by the statute of limitations.

Upon this point we have sometimes, where the statute has been interposed to prevent the payment of a just or meritorious claim, refused to permit the plea to interfere with our issuing the writ when the period has been less than ten years. But the writ being discretionary, we certainly should entertain the plea, and refuse the writ, when the answer shows that the claim is fraudulent, and the relator does not see fit to ask for the trial of an issue to determine the fact.

Where the answer is responsive, or does not admit the relator's case, and he sees fit to go to a hearing upon the pleadings, the answer is taken as true, and determines the propriety of issuing the writ. In view of the facts asserted in the answer of respondent, the writ will be denied, with costs.

The other Justices concurred.