SCHOOL DISTRICT NUMBER EIGHT OF THE TOWNSHIP OF TALL-
MADGE v. WARREN S. ROOT, TOWN TREASURER.

| | |
|---|---|
| 61 | 373 |
| 96 | 307 |
| 61 | 373 |
| 117 | 3 |
| 61 | 373 |
| 122 | 623 |
| 61 | 373 |
| 134 | 2616 |
| 61 | 373 |
| 157 | 2083 |

*Information to try title to office—Filing of, conclusive between the parties that relator is not the acting officer—And that respondent is—Not competent for parties to settle between themselves which should hold the office—No one can exercise that right not lawfully chosen—Which issue must be settled by public authority—School-district officers—If one of two parties claiming office of moderator obtain judgment of ouster against co-claimant—And is recognized by the director and assessor—He becomes an incumbent of the office de facto, and his action will be respected while in office—Title to office will not be tried in mandamus proceedings— "Informal ballots"—Improper at regular election—Practice has no legal sanction, may mislead voters, and is open to grave abuse—So held when indulged in at annual school meeting—Town treasurer—Refusing to pay warrant drawn in favor of assessor, whose official character is not questioned—On ground that moderator, who has been recognized as such by the other district officers, is not a legal officer—Assumes a serious responsibility.*

1. Two candidates for the office of moderator of a school district, each claiming to be legally elected, attempted to qualify, and one of them procured an information to be filed in the circuit court to test the question, and recovered judgment of ouster by respondent's consent, but no judgment was entered in his favor. The day following the director and assessor, assuming the existence of a vacancy in the office, filled the same by appointment, after which the relator took no steps to induce or compel his recognition as moderator. In March following warrants were drawn in favor of the assessor on the treasurer of the township for the moneys in his hands belonging to the district, and payment refused on the ground that the relator was the lawful incumbent of the office of moderator, and the action of the district officers in making said appointment illegal. It further appeared that two *informal* ballots were taken at the school meeting, the first resulting in a tie vote and the second in a majority of two for the ousted candidate, whereupon a formal ballot was had, on which relator received a like majority.

*Held,* that the filing of the information was conclusive between the parties that the relator was *not* acting moderator and that the respondent *was,* but that it was not competent for the parties to settle between themselves which should hold the office, as no one could have that *right* who was not *lawfully* chosen, which issue must be settled by *public* authority.

*Held,* further, that if after the judgment relator had applied to and

been recognized by the other members of the board as moderator, he would have become an incumbent *de facto*, and his action respected as such while in office.

2. The right to an office will not be settled in a *mandamus* proceeding.

3. There is no propriety in taking what are called "informal ballots" at a regular election. The practice has no legal sanction, may tend to mislead voters, and is open to great abuse.

4. Where a town treasurer is called upon to pay warrants drawn in favor of an assessor whose right to the office is not questioned, the only purpose being to transfer the school money belonging to the district to the assessor's custody, the treasurer assumes a serious responsibility in refusing payment on the ground that the moderator is not a *legal* officer, he having been recognized as such by the remaining district officers.

*Mandamus* to a town treasurer to compel the payment of warrants drawn on him, in favor of the assessor of a school district, by the acting director and moderator.

Argued May 4, 1886.  Granted May 6, 1886.  The facts are stated in the opinion, and in head-note 1.

*Godwin & Earle*, for relator.

*Geo. H. White*, for respondent:

The assessor should have been the relator: *Burns v. Bender*, 36 Mich. 197; *School District No. 8 v. Perkins*, 49 N. H. 542.

The town treasurer has no right to pay money to an assessor until he produces the warrant of the director and moderator, and if he does, will be compelled to make it good: *Frac. School District No. 4 v. Mallary*, 23 Mich. 112; *McCormick v. Bay City*, Id. 462; *Jones v. Wright*, 34 Id. 372; *Burns v. Bender*, 36 Id. 198–9; *School District No. 9, Midland, v. School District No. 5, Midland*, 40 Id. 553.

The warrant should not state any sum [for that would make it an order instead of a warrant or authority], and on its presental the treasurer should pay over all the funds of the district in his hands: How. Stat. §§ 5072 (subdiv. 2), 5073 (subdiv. 4), 5097; *Bryant, Assessor, etc., v. Moore, Township Treas.*, 50 Mich. 226–7; *McPharlin v. Mahoney*, 30 Id. 101.

How. Stat. § 5055, contemplates a vacancy, where no one has any title to the office: *State of Missouri v. Ralls Co.*

*Court,* 45 Mo. 60 ; *State v. McNeely,* 24 Louisiana Ann. 19, 20.

CAMPBELL, C. J.  The school district, complaining as relator, by Hiram Green, assessor, and Thomas J. Heald, director, asks a *mandamus* to respondent to compel him to pay over to the assessor the school moneys in his hands belonging to the district, upon certain warrants dated March 3, 1886, signed by Mr. Heald as director, and countersigned by James Dowris as moderator.

The only substantial objection made by the respondent is that Dowris is not the moderator, but that Chauncey H. Baldwin is the lawful incumbent.  We discover no other question that seems of any importance.

The objection is based upon certain allegations, which are, in brief, that at the annual school meeting in September, 1885, two informal ballots were taken, in one of which Baldwin received one-half of the votes cast, and in the other one Dudley received a majority of two.  That on a third formal ballot Baldwin received a majority of two.  Both he and Dudley attempted to qualify, and shortly thereafter Baldwin procured an information to be filed against Dudley in the circuit court of the county.  By some private arrangement between Baldwin and Dudley the latter allowed judgment to pass against him, but no judgment was entered in favor of Baldwin.  This judgment was on January 14, 1886.

The next day the assessor and director of the district, assuming that there was a vacancy in the office of moderator, appointed Dowris to act in that capacity, and he has since so acted.  Baldwin is not shown to have taken any measures to induce or compel them to recognize him since the judgment in question.

It is a matter of public necessity that the school offices shall always be kept filled, and if they are not, the affairs of the district may become complicated and confused.  Teachers must be paid, schools must be kept up and provided with necessaries of all sorts, and the school funds must be placed where they are available.  For this purpose, provision is made

for the action of the director and assessor to fill any vacancy in the office of moderator without delay ; while, in case of such an appointment, it can only last till the next annual school meeting, in September, when the voters select a person for themselves.

The filing of an information on Baldwin's relation against Dudley was conclusive between them that Baldwin was not acting and that Dudley was. It was not competent for them to settle between themselves which should hold the office. No one could have that right who was not lawfully chosen, and that, if controverted, must be settled by public authority. If after the judgment against Dudley, Baldwin had applied to the other members of the board, and been recognized by them, he would have become an incumbent *de facto*, and his action would have been respected while in office. But he did not do this, and has not since attempted it, and we cannot recognize him when he is actually out of office.

We cannot, in this proceeding, discuss the propriety of treating the office as vacant immediately after the ouster of Dudley. If Baldwin had acted seasonably, and been lawfully entitled to the office, there may have been means of compelling his recognition. But the necessity existed then, or soon after, for some one to act, and the assessor and director, whether acting with strict regularity or not, are not shown to be in the wrong to such an extent that their action is null ; and when it became necessary to draw orders and warrants, to which the moderator's signature is required; they cannot be held in the wrong for securing the action of such an officer.

While we must recognize Dowris as at least an officer *de facto*, we are not prepared to say that, on the record, he is not an officer in full right. There is nothing showing conclusively, if admitted, that Baldwin was the real choice of the meeting. We cannot inquire into it, and therefore have not called for any issue upon it. There are two affidavits concerning the alleged ballotings; but no attempt has been made to produce the record of the school meeting, which

may not conform to these affidavits. There is certainly no propriety in taking what are called "informal ballots" at a regular election; and it is by no means certain that what is called an "informal balloting" was not supposed by the voters to be something else. The practice has no legal sanction, and is open to great abuse.

Mr. Dowris must, so far as this application is concerned, be treated as acting moderator, and the warrants must be paid. They are admitted to be for no more than is in the treasurer's hands, and we see no objection to dividing them up, so long as they are only collectible by the assessor.

The return is open to criticism for the manner in which the facts are set out. If the treasurer was advised of doubts about the identity of the moderator, he would not be blameworthy for using reasonable means to have it settled. This, however, he should have done by simply presenting the fact of conflicting claims. It was not proper for him to undertake to take sides in the matter, and set out, on his information and belief, what was not within his knowledge, as a presentation of the claims of one of the officers. And where a majority of the school board have recognized a moderator, and the only purpose of their action is to get the school money into the hands of the assessor, whose right is not questioned, the respondent took a serious responsibility in refusing to pay it over.

It is not in accordance with public policy to have our local corporations blocked in their daily work by delays from personal dissensions, and where there can be no possible harm done by accepting existing facts, it is better to leave disputants to fight their own battles before the proper tribunals.

The *mandamus* must be granted.

The other Justices concurred.