SMITH *v.* BOARD OF SUPERVISORS OF LIVINGSTON
COUNTY.

DRAIN CONTRACTS—NOTICE OF LETTING—SECTIONS.

A drain commissioner who advertises that the job of cleaning
out a drain will be "let by sections" has no right to insist
upon letting it as an entirety, where no reason appears for
not following the manner of letting announced in the
notice.

*Mandamus* by Timothy Smith, drain commissioner of
Livingston county, to compel the board of supervisors of
said county to order the spreading of a drain tax. Sub-
mitted November 5, 1897. Writ denied December 7, 1897.

*Claude A. Brayton*, for relator.

*Louis E. Howlett*, for respondent.

MOORE, J. This is a proceeding to compel the respon-
dent to reconvene, and order spread upon the assessment
rolls of three townships a drain tax amounting to over
$13,000. The return of the respondent shows that the
proceeding was one for the cleaning out of a 'drain
already established, 17 miles long, and that, though the
contract has been let, no work has been done under it.
The drain commissioner, in his notice of the letting,
advertised that "said job will be let by sections; the sec-
tion at the outlet of said drain will be let first, and the re-
maining sections in their order upstream, in accordance
with the diagram." The return of respondent shows that,
at the time appointed for the letting 'of the contract, par-
ties who were responsible were present, ready to bid for
any sections that might be offered, and that the drain
commissioner refused to receive bids for the construction
of the drain in sections, and insisted upon letting it as an
entirety. The commissioner claims that he offered to let

the job in sections, but that there were no bidders, and that it was better for all the parties to let the job as an entirety, as it cannot be done in any manner except by a steam dredge. The return denies this, and claims, in addition to what has been stated, that the job can be done much more satisfactorily and much cheaper with scrapers and shovels than with a steam dredge, and that when the drain was originally dug no steam dredge was used. The return also alleges fraud in the letting of the contract. It also alleges that the petition only asks for the cleaning out of the drain, while the commissioner has undertaken to deepen, widen, and in some places change the route of, the drain. The claims of the respective parties are supported by affidavits.

For the purpose of this proceeding, the return of the respondent must be taken as true. The relàtor relies upon *Smith* v. *Carlow*, 114 Mich. 67, and *Brady* v. *Hayward*, Id. 326, for his authority to let the job as an entirety. A comparison of the cases, however, will show they were not at all similar. In the last-named case the job was let in sections, and in both cases the letting followed the notice of the letting, while in this case the notice stated the contract would be let in sections, while, according to the return, the commissioner refused to let the contract in sections, though there were persons ready to take it in that manner. In *Smith* v. *Carlow* it was made to appear that the only practicable way, and the cheapest way, was to let the job as an entirety. Here, according to the return, it was not only practicable to let the job in sections, but it was the most economical way to have it done. In the case of *Smith* v. *Carlow* the drain was completed, and an expense of $30,000 incurred, and the court held that it would be unjust to allow the taxpayers to take advantage of such an objection after the work had been completed. Here the work has not yet been entered upon. While we have held the statute to be directory, its provisions cannot be wholly ignored; and, when the letting has been advertised to be made in

sections, there should at least be an offer to let it in sections before it is let as an entirety, and especially if it is made to appear that there is no reason for not following the manner of letting as announced in the notice of letting.

Under the record as made here, we deem it our duty to deny the writ.

The other Justices concurred.