# APRIL TERM, 1898.*

## KEELER *v.* DEO.

1. MANDAMUS—ANSWER—CONCLUSIVENESS.
   In *mandamus* proceedings, where the hearing is upon the petition and answer, the answer must be taken as true.

2. SAME—PARTIES—DE FACTO OFFICERS.
   A proceeding by *mandamus* cannot be maintained to compel the payment of school funds by a township treasurer to one claiming to be the school-district assessor, where its effect would be to oust from office an assessor *de facto* who is not a party to such proceeding.

*Certiorari* to Lapeer; Smith, J.   Submitted April 8, 1898.   Decided May 6, 1898.

*Mandamus* by Henry M. Keeler, director, James Simmons, moderator, and George A. Chase, claiming to be assessor, of school district No. 1 of North Branch township, to compel John N. Deo, township treasurer, to pay certain school funds to the relator Chase upon warrants drawn by the other relators.   From an order granting the writ, respondent brings *certiorari*.   Reversed.

*Stickney & Reed*, for relators.

*Geer, Williams & Halpin*, for respondent.

MOORE, J.   November 12, 1897, the relators filed a petition in the circuit court for Lapeer county, in which they stated that Mr. Keeler was director, Mr. Simmons moderator, and Mr. Chase assessor, of school district No. 1 of North Branch, in the actual discharge of their duties,

---

* Continued from Vol. 116.

and had been for more than a year. It also stated that
Mr. Deo was the treasurer of the township of North
Branch, and that the moneys belonging to said school dis-
trict had come into his hands as treasurer. It also stated
that in January, May, and June, 1897, warrants were
drawn on said treasurer, in favor of Mr. Chase, as asses-
sor, by the director, countersigned by the moderator,
aggregating the sum of $293.05; that Mr. Chase presented
these warrants for payment, and that payment was re-
fused by the treasurer. The petition also stated that,
because of said refusal, the teachers' wages and other
school expenses could not be paid, and prayed for a writ
of *mandamus* requiring the respondent to pay the war-
rants drawn upon him.

The respondent answered the petition, and admitted
that Mr. Keeler was director, and Mr. Simmons modera-
tor, as stated in said petition, but denied that Mr. Chase
was the assessor, and averred, upon information and
belief, that William Coffron was, and had been for four
years, the assessor of said district, in the actual possession
of the office, and discharging its duties, as would more
fully appear by the affidavit of Mr. Coffron, which
affidavit the answer made a part thereof. He admitted
the receipt of the school money as treasurer, and the pre-
sentation of the warrants by Mr. Chase, and stated that
payment was refused because Mr. Chase was not assessor
of said school district, either *de facto* or *de jure*. The
answer denied that all the funds which came to him as
treasurer, belonging to said school district, were in his
hands, and stated that $250 had been paid by him to Wil-
liam Coffron, as assessor of said school district, and had
been applied by Mr. Coffron, as assessor, in paying teach-
ers' wages, and other expenses for said school district.

The affidavit of Mr. Coffron is to the effect that he was
elected to the office of assessor in September, 1893, and
was re-elected in September, 1896, and that within 10
days he filed his acceptance and official bond. It also
states that when re-elected he had $90.12 in his hands,

belonging to said district; that Mr. Chase made a demand upon him for that amount, which demand he refused, for the reason that he ( Mr. Coffron ) claimed he was assessor, which reason was stated to Mr. Chase; that $250 of the money belonging to said district was paid to him by Mr. Deo, and that he commenced to pay out said money for the school district in September, 1896, and continued to pay orders drawn by Mr. Keeler, director, countersigned by Mr. Simmons, moderator,—the last of said orders bearing date June 11, 1897, which order was for $50, teachers' wages; that he paid one order of $115, dated January 13, 1897, for teachers' wages, and one of April 30, 1897, for teachers' wages, and that he is informed that there is but one order issued by the said director and moderator outstanding and unpaid, which order is for $20, but has never been presented for payment; and that he now has about $63 in his hands, belonging to the district. The affidavit further states that Mr. Chase has never been in possession of the office of assessor of said school district, and has not received any of the books or papers belonging to the district, but that they have all been retained by affiant, as assessor of said district, and no action or proceeding has been commenced by Mr. Chase to recover possession, of them, and that they, as well as $63 of money belonging to the said district, are yet in the possession of affiant.

It was the opinion of the circuit judge that when the director and moderator recognized Mr. Chase as assessor, by delivering to him, as assessor, the warrants, upon their presentation, so far as the township treasurer is concerned, Mr. Chase must be regarded as the assessor *de facto*,—citing *School District* v. *Root,* 61 Mich. 377; *Mc-Cormick* v. *Bay City,* 23 Mich. 457; *Burns* v. *Bender,* 36 Mich. 195; *Moiles* v. *Watson,* 60 Mich. 415. He also held that whether Mr. Chase was assessor *de jure* or not could not be determined in this action; citing *Mead* v. *Ingham County Treasurer,* 36 Mich. 416; *Moiles* v. *Watson, supra.* He also held that as there had been delay in applying for the writ, and Mr. Coffron had paid

out the district money, for its debts, upon orders issued by the director, countersigned by the moderator, these amounts must be treated as paid, and directed the writ should issue for $63.22, which was just the amount shown by Mr. Coffron's affidavit to be in his hands. No mention was made of the $43.05 remaining in the hands of the respondent.

We think the court erred in its conclusion as to who is shown by the record to be the officer *de facto*. It is well settled in *mandamus* proceedings, where the hearing is upon the petition and answer, that the answer must be taken as true. *Mead* v. *Ingham County Treasurer*, 36 Mich. 416; *Detroit Tug & Wrecking Co.* v. *Wayne Circuit Judge*, 75 Mich. 360; *Coffron* v. *Board of Canvassers*, McGrath, Mand. Cas. No. 1157; *Noble* v. *Township of Paris*, 56 Mich. 219; *Murphy* v. *Reeder Township Treasurer*, Id. 505; *Merrill* v. *Gladwin County Treasurer*, 61 Mich. 95; *Tyler* v. *Oceana County Supervisors*, 93 Mich. 449; *City of Benton Harbor* v. *St. Joseph, etc., R. Co.*, 102 Mich. 386 (47 Am. St. Rep. 553). The answer denies that Mr. Chase is assessor *de facto*, and avers that Mr. Coffron is assessor *de facto*, in the possession of the office, claiming to be duly elected and qualified. The affidavit of Mr. Coffron, which is made a part of the answer, shows that he has been in possession of the office from September, 1893, and is still in possession; that at the school meeting in September, 1893, he was elected, and afterwards duly qualified, as assessor; that in September, 1896, he was re-elected, and qualified; that at the time of his re-election he had upwards of $90 in his hands, belonging to the district; that afterwards $250 was paid him, as assessor, by the township treasurer, which has been paid out by him, as assessor, to pay teachers' wages and other school expenses, upon orders drawn by the director and countersigned by the moderator. Mr. Coffron had refused to deliver up his office to Mr. Chase, and, though nearly 14 months had elapsed, Mr. Chase instituted no legal proceedings

to obtain possession of the office until this one was instituted. The effect of the order made by the learned judge is to oust Mr. Coffron from the office of assessor by a proceeding in *mandamus* to which he was not a party. We do not think the title to the office can be determined in that way. *Mead* v. *Ingham County Treasurer*, 36 Mich. 416; *Moiles* v. *Watson*, 60 Mich. 415; *Pariseau* v. *Board of Education*, 96 Mich. 302. See, also, *Hallgren* v. *Campbell*, 82 Mich. 255 ( 9 L. R. A. 408, 21 Am. St. Rep. 557); *Tower* v. *Welker*, 93 Mich. 332.

The order of the court below, granting a writ of *mandamus*, will be reversed, with costs of both courts.

The other Justices concurred.