KENYON *v.* BOARD OF SUPERVISORS OF IONIA COUNTY.

1. MANDAMUS—REVIEW—CONCLUSIVENESS OF ANSWER.
    On certiorari to review the refusal of a circuit judge to issue a writ of mandamus, the application for which was heard on petition and answer, the answer must be taken as true for the purpose of the case.

2. DRAINS—CONSTRUCTION—USE OF SEWER PIPE.
    The drain law (2 Comp. Laws, § 4338) authorizes the use of sewer pipe in the construction of drains when necessary.

3. SAME — COMMISSIONER — LETTING CONTRACTS — DUTY WHERE SEWER PIPE IS USED.
    Where sewer pipe is to be used in the construction of a county drain, bids should be received for furnishing it. Act No. 272, Pub. Acts 1899, chap. 4, § 3.

4. SAME — DEFECTIVE PROCEEDINGS — REMEDY OF SUPERVISORS — REFUSAL TO SPREAD TAX.
    Where the proceedings of the drain commissioner are defective in matters that do not occur until more than 10 days after his final determination, the board of supervisors may refuse to spread the tax, the remedy by certiorari provided by Act No. 272, Pub. Acts 1899, chap. 5, § 3, not being applicable to such a case. 1 Comp. Laws, § 3860; 2 Comp. Laws, § 4356.

Certiorari to Ionia; Davis, J. Submitted November 15, 1904. (Calendar No. 20,789.) Decided December 22, 1904.

Mandamus by Marvin E. Kenyon, drain commissioner

of Ionia county, and Fred Emery to compel the board of supervisors of Ionia county to order a drain tax to be spread upon the rolls of certain townships. To review an order denying the writ, relators bring certiorari. Affirmed.

*Nichol & Locke*, for relators.

*R. A. & W. E. Hawley*, for respondent.

Moore, C. J. This is certiorari to compel Judge Davis to issue a writ of mandamus, directed to the board of supervisors of Ionia county, directing them to order a certain drain tax spread upon the tax rolls of the townships affected by the drain. A petition was filed in the court below, an order to show cause was issued, an answer was filed in behalf of the board of supervisors, a hearing was had, and the application for a writ of mandamus was denied. Afterwards the case of *Horn* v. *Board of Sup'rs of Livingston Co.*, 135 Mich. 553, was decided. An application was then made to Judge Davis, asking for a rehearing of the motion referred to. After argument this application was denied, and the cause was brought to this court by writ of certiorari. The parties stipulated to waive any irregularity with reference to the last hearing before Judge Davis, which did not relate to the merits of the controversy.

The answer of the board of supervisors, which must be taken as true for the purpose of this case (see *City of Benton Harbor* v. *Railway Co.*, 102 Mich. 386; *Keeler* v. *Deo*, 117 Mich. 1), in substance states: That the original application presented to the county drain commissioner did not ask for the use of drain tiles or sewer pipe in the construction of the drain. That the first order of determination omitted any reference to the use of tiles or sewer pipe in its construction. That on the 13th of July, 1903, a notice was issued of the letting of said drain, and that bids would be received therefor on the 31st of July, 1903, and that the assessment for bene-

138 Mich.—35.

fits would be subject for review. That in said notice no mention was made of the use of tiles or sewer pipe in the construction of said drain. That on the 30th of July the drain commissioner divided said drain into four sections for the purpose of letting the work, and on the 31st of July the drain commissioner let the contract for the construction of the first three of the said sections to Fred Emery (one of the parties to this litigation) for the sum of $624; stating verbally at the time that tiles or sewer pipe would not be used in the construction of these sections of the drain, but that they would be used in the construction of section 4. The bid and contract included the digging of the drain, the hauling of sewer pipe from the railroad station to the place where the same were to be used in the drain, and placing the sewer pipe in the drain. He also stated orally that he would supply the requisite amount of sewer pipe needed in the drain, and thereupon the job of constructing section 4 and hauling the sewer pipe was let to the said Fred Emery for the sum of $910. That no offer was made to receive bids for furnishing the sewer pipe, and that no bids were ever received by the drain commissioner to furnish them. The answer states that said drain commissioner unlawfully assumed the right to supply the sewer pipe without receiving bids at a public bidding, allowing competition therefor. That on the 10th of August, 1903, the drain commissioner computed the entire cost of the drain, and included therein, for the construction of sections 1, 2, and 3, the sum of $624; the amount of the contract for the construction of section 4, $910; and 4,000 feet 12-inch sewer pipe for section 4, $1,000. That on the 31st of July, 1903, the commissioner determined that 35 per cent. of the cost of said drain should be borne by the township of Orleans, and a like amount by the township of Otisco, and the balance between the several parcels of land benefited thereby. That on the 10th of August, 1903, he apportioned 41 per cent. of the cost of said drain to the township of Orleans, and 59 per cent. to the township of Otisco. That on the same

day he issued his several drain assessment rolls, and included therein the sum of $1,000 for supplying the sewer pipe to be used in the construction of section 4 of the drain. The answer alleges that said sum assessed is unauthorized by law, and is illegal and void, for the reason that in the various proceedings no notice was given that sewer pipe would be used in the construction of said drain until the day of the letting thereof, and because said drain commissioner did not receive bids for furnishing the sewer pipe needed in said drain, and because he intended and expected to pay for the same out of the $1,000 included in said assessment. The answer also alleges that said sum of $1,000 is excessive, and that the sewer pipe could have been readily obtained for the sum of $925, if bids had been asked therefor. The statute undoubtedly authorizes the use of sewer pipe in the construction of these drains when necessary. 2 Comp. Laws, § 4338.

Act No. 272, Pub. Acts 1899, chap. 4, § 3, provides:

"The county drain commissioner shall thereupon proceed to receive bids and let contracts for the construction of the sections, and make contracts with the lowest responsible bidder, giving adequate security for the performance of the work."

We think a fair construction of the provisions of the statute to which we have referred indicates the purpose of the legislature to require bids for the furnishing of material where the situation is like that disclosed by the answer filed by the board of supervisors. See 20 Am. & Eng. Enc. Law (2d Ed.), pp. 1165, 1166. See, also, *City of Detroit* v. *Wayne Circuit Judge,* 79 Mich. 384.

We then come to the question, Did the board of supervisors · have the right to refuse to spread this tax? It is claimed by the relators that, under the case of *Horn* v. *Board of Sup'rs of Livingston Co.,* 135 Mich. 553, even though the proceedings were defective, the board of supervisors was not authorized to pass upon the irregularity of the proceedings and refuse to put the tax upon the rolls. In answer to that contention, counsel for respondent say that

while, by the act of 1899 (Act No. 272, chap. 5, § 3), the proceedings, if defective, shall be subject to review upon certiorari, this remedy is confined to defects which existed at the time of the final order of determination of the drain commissioner establishing said drain, as provided in section 1, chap. 4, in said act. It is contended that the acts which make the proceeding fatally defective did not occur until after more than 10 days had elapsed after the final order of determination was made by the drain commissioner, and that the remedy allowed by the act of 1899 could not apply under these circumstances, for the reason that the law does not require an impossibility. We think this position is well taken—that the relators would be without relief if relegated to that remedy, and that section 3860, 1 Comp. Laws, and section 4356, 2 Comp. Laws, apply to this situation. See *Zink* v. *Board of Sup'rs of Monroe Co.*, 68 Mich. 283; *Tinsman* v. *Board of Sup'rs of Monroe Co.*, 90 Mich. 382; *Smith* v. *Board of Sup'rs of Livingston Co.*, 115 Mich. 202. It is proper to add that no work had been done to construct said drain at the time this proceeding was commenced.

The order of the circuit court denying the writ of mandamus is affirmed.

The other Justices concurred.