DICKINSON *v.* BOARD OF CANVASSERS OF CHEBOYGAN
COUNTY.

1. CERTIORARI — QUESTIONS CONSIDERED — PROPRIETY OF REMEDY
BELOW.

On certiorari to review the action of the circuit court in deny-
ing a mandamus, it having been denied on the merits, the
propriety of the remedy by mandamus is open to question,
since the court's assumption that mandamus was the proper
remedy was equivalent to so deciding.

2. APPEAL AND ERROR—DECISION OF CAUSE—AFFIRMANCE—COR-
RECT DECISION ON WRONG GROUND.

On certiorari to review the action of a circuit court in denying
a mandamus, it having been denied on the merits, a deter-
mination that the judge was wrong in his conclusion on the
merits does not require that his decision be reversed and the
writ granted, if in fact the remedy sought was an improper
one, since in such event the case would be affirmed, under
the rule that a case properly decided will not be reversed be-
cause a wrong reason was given for the decision.

3. MANDAMUS — PROPRIETY — COMPELLING PARTICULAR ACTION—
BOARD OF CANVASSERS.

Where a board of canvassers refuses to make a recount it may
be compelled to proceed and make such recount, but when it
has acted, declared the result, and adjourned, mandamus
will not lie to compel it to reconvene, and declare some other
result, which a court of justice may determine to be a more
just one, the remedy, in case of an erroneous recount, being
by quo warranto.

Certiorari to Chippewa; Steere, J. Submitted April
23, 1907. (Calendar No. 22,103.) Decided May 18,
1907.

Mandamus by Christopher A. Dickinson to compel the
board of canvassers of Cheboygan county to count certain
ballots rejected by it as invalid. There was an order
denying the writ, and relator brings certiorari. Af-
firmed.

148 MICH.—33.

*Frost & Sprague*, for relator.

*Reilley & McPhee*, for respondent.

HOOKER, J.   The relator and one Paquette were rival candidates for the office of county treasurer of Cheboygan county.   The returns of the inspectors of the various precincts gave the relator a majority of 85 votes.   When the board of county canvassers convened, Paquette presented a petition for a recount of the ballots cast in the townships of Ellis, Forest, Mackinac, Koehler, and Nunda.   On this recount all of the votes cast in the townships of Ellis and Koehler were rejected, which changed the result, giving Paquette a majority of 56.   The ballots cast in Ellis township were rejected because initialed in blue pencil, and not in ink; those in Koehler, because initialed in blue pencil, or lead pencil, and not in ink.   The board continued in session from November 13th to November 24th.   On November 24th they finally determined the facts as prayed for in the petition for recount. Thereupon, on application of the relator's counsel, they adjourned to the following Tuesday, to hear a petition for recount to be presented on behalf of relator.   On that day they were served with the order to show cause issued in this cause, and restraining them from issuing a certificate of election of Paquette.

Two questions were presented to the circuit court:   (1) Is this a proper case for mandamus?   (2) If so, were the ballots properly rejected?   The court assumed that the remedy was a proper one, and held that the ballots were properly rejected, and the relator has brought the case here by certiorari.

Relator's counsel say that only the latter question is before us, inasmuch as the circuit court passed upon it, and did not discuss the former.   The assumption that mandamus was a proper remedy was equivalent to so deciding. If the judge was wrong in his conclusion upon the question of the invalidity of the ballots, it does not follow that his decision must be reversed and a writ granted, if in

fact the remedy sought was an improper one. In such event the case would be affirmed, under the familiar rule that a case properly decided will not be reversed merely because an erroneous reason was given for the decision. We must hold, therefore, that the question of remedy is open, and is the first to demand attention.

We held in the cases of *Packard* v. *Board of Canvassers*, 94 Mich. 450, and *Henderson* v. *Board of Canvassers*, 94 Mich. 452, that where a board refuses to make a recount, it may be compelled to proceed and make such recount, but that when such board has acted, declared the result, and adjourned, a mandamus will not lie to compel them to reconvene, and declare some other result, which a court of justice may determine to be a more just one. In other words, the courts will set refractory boards in motion, but will not control their action in recounting the votes over which they have jurisdiction by mandamus. If the recount is erroneous, the remedy by quo warranto is open. We do not overlook the case of *Horning* v. *Board of Canvassers*, 119 Mich. 51, where an order granted a mandamus in a case quite similar to this. Apparently the jurisdictional question was not raised by the assignments of error. Had it been, the case would have been ruled by *Packard* v. *Board of Canvassers* and *Henderson* v. *Board of Canvassers*, supra.

The order is affirmed.

MCALVAY, C. J., and CARPENTER, MONTGOMERY, and MOORE, JJ., concurred.