LACHANCE *v.* BOARD OF CANVASSERS OF MACKINAC
COUNTY.

MANDAMUS—PUBLIC OFFICERS—TITLE.
  Quo warranto and not mandamus is the proper remedy to de-
  termine the right of a candidate claiming title to the office of
  judge of probate, where the board of canvassers rejected
  votes, on a recount, for lack of the inspector's initials, and
  where the certificate of election was issued and the opposing
  candidate entered upon the duties of the office.

Certiorari to Mackinac; Shepherd, J.   Submitted May
5, 1909.  (Calendar No. 23,362.)   Decided July 15, 1909.

Mandamus by Benoni Lachance to compel the board of
canvassers of Mackinac county to set aside certain pro-
ceedings for a recount.   An order granting the writ is re-
viewed by respondent on writ of certiorari.   Reversed.

*Pailthorp & Hackney,* for relator.

*Reilley & McPhee* and *James J. Brown,* for respond-
ent.

MOORE, J.   This case is brought to this court, and writ
of certiorari issued for the purpose of reviewing the order
of the lower court granting a peremptory writ of manda-
mus to relator.   The petition shows that relator was a
candidate for the office of judge of probate at the last gen-
eral election held in Mackinac county, and one David W.
Murray was the opposing candidate.   There were no
other candidates for said office.   It also shows Mr. Mur-
ray asked for a recount, which was granted.   The petition
states that at the time said David W. Murray so filed his
said petition, as aforesaid, with the said board of county
canvassers praying for such recount of said votes, he
failed, neglected, and refused to deposit the sum of $10

for each and every township, ward, and voting district in which he petitioned said board of county canvassers to recount the votes cast for said office of judge of probate, with the clerk of said Mackinac county, as required by the statute in such case made and provided, and at no time did the said David W. Murray, or did any other person for him and in his behalf, ever deposit said sum of money with said clerk of said county, or any other sum or sums of money whatever, for the purpose of securing a recount of said votes by said board of county canvassers. It further states that the said board of county canvassers did proceed to recount the votes cast in the townships and voting precincts referred to in the said petition of said David W. Murray, and that it threw out the votes cast in Hudson township.

"And said board of county canvassers did unlawfully, illegally, and wrongfully issue, or cause to be issued, to said David W. Murray, a certificate of election to the said office of judge of probate, and did unlawfully, wrongfully, and illegally refuse to issue, or cause to be issued, to your petitioner the certificate of election to said office, as he was rightfully entitled to so have issued to him, although often requested by your petitioner so to do."

There are many other things stated in the petition to which it is not necessary to refer.

The answer of the respondents, among other things, states the following:

"Respondents deny that at the time said David W. Murray so filed his petition David W. Murray 'failed, neglected, and refused' to deposit the sum of $10, for each and every township, ward, and voting district in which he petitioned the board of canvassers to recount the votes cast for said office of judge of probate, with the clerk of Mackinac county, and avers that said David W. Murray did not fail, neglect, or refuse to deposit said sum of money, but that at the time of filing his petition for a recount he proposed and offered to the clerk of said board to deposit the sum of $50 for the five townships in which he had asked for a recount; that he then and there endeavored to obtain in and about the courthouse where said

board of county canvassers were convened a blank check with which to fill in the requisite amount for the purpose of signing and delivering to the said clerk as the deposit required by the statute in such case made and provided, but could obtain none, whereupon he was advised by said clerk that he would accept of said David W. Murray's promise as a deposit of said money, and that the deposit would be considered as made, he, the said clerk, treating the credit of said David W. Murray the same as the actual deposit of said money; that said David W. Murray then stated to said clerk that he wanted to be sure and have no misunderstanding of the matter, and said clerk then and there stated there would be none, and that the credit and word of said David W. Murray, which was then and there given by the said David W. Murray and accepted by said clerk, would be considered and treated as a deposit; that the said clerk reported the above facts to the board of county canvassers, and all the members thereof expressed themselves as satisfied with the arrangement, and, considering and acting upon the assumption and theory of the deposit being made, proceeded with the recount in which the relator then and there participated and took part."

They return that they rejected the ballots cast in Hudson township because they were not properly initialed. They further return:

"That they have duly met as county canvassers of said county, and that said relator duly appeared and took part in the proceedings in reference to recount on the petition of the said David W. Murray for the office of judge of probate of said county, and that such recount was duly made, and that the result of said recount was publicly stated, and that due return was made, and that a certificate of election was duly issued, or caused to be issued to the said David W. Murray, and that the said David W. Murray has in pursuance of said election duly taken possession of said office of judge of probate of said county, and is still in possession of same, and is reputed to be judge of probate of said county, and that respondents as such county canvassers duly adjourned *sine die*, and that they have no authority to reconvene, and that they have become *functus officio*."

A hearing was had before the circuit judge, who was of

the opinion that the failure to deposit the fee with the clerk was fatal, and granted a writ of mandamus.

It will be observed from the foregoing that the board of county canvassers actually met, made the recount, issued a certificate of election, and by virtue thereof Mr. Murray entered upon the duties of judge of probate, and is now acting as such judge. Mr. Murray is not made a party to this proceeding. A great many interesting questions are presented and argued by counsel.

In view of the situation disclosed by the record the following quotation is germane:

"In determining the extent to which the courts may properly interfere by mandamus with questions relating to the title to, and possession of, public offices, it is necessary to recur to an important principle, frequently asserted throughout these pages, and which may be properly termed the controlling principle governing the entire jurisdiction by mandamus. It is that, in all cases where other adequate and specific remedy exists at law for the grievance complained of, the writ of mandamus is never granted. Applying this principle to cases where relief has been sought to determine disputed questions of title to, and possession of, public offices, the courts have almost uniformly refused to lend their aid by mandamus, since the remedy by information in the nature of a *quo warranto* is justly regarded as the most appropriate and efficacious remedy for testing the title to an office, as well as the right to the possession and exercise of the franchise. And the rule may now be regarded as established by an overwhelming current of authority that, when an office is already filled by an actual incumbent exercising the functions of the office *de facto* and under color of right, mandamus will not lie to compel the admission of another claimant, or to determine the disputed question of title. In all such cases the party aggrieved, who seeks an adjudication upon his alleged title and right of possession to the office, will be left to assert his rights by the aid of an information in the nature of a *quo warranto*, which is the only efficacious and specific remedy to determine the questions in dispute. And whenever it is apparent on the face of the pleadings that the issue presented involves a determination as to the person properly elected to an office or entitled to exercise its functions, the writ of

mandamus will be withheld." High on Extraordinary Legal Remedies ( 3d Ed.), § 49.

See, also, *People* v. *Detroit Common Council,* 18 Mich. 338; *School Dist. No. 8 of Tallmadge* v. *Root,* 61 Mich. 373 (28 N. W. 132 ); *Pariseau* v. *Board of Education,* 96 Mich. 302 ( 55 N. W. 799); *Keeler* v. *Deo,* 117 Mich. 1 ( 75 N. W. 145); *Ashwell* v. *Bullock,* 122 Mich. 620 ( 81 N. W. 577 ); *Dickinson* v. *Board of Canvassers,* 148 Mich. 513 ( 111 N. W. 1075 ).

We think these decisions show that the order granting the writ of mandamus should be vacated. It is so ordered.

Reversed.

BLAIR, C. J., and GRANT, MCALVAY, and BROOKE, JJ., concurred.