HARRINGTON v. OTSEGO CIRCUIT JUDGE.

MANDAMUS—RIGHT TO PUBLIC OFFICE—QUO WARRANTO.
> Where the duly qualified prosecuting attorney of a county
> was suspended from the practice of the law for six months,
> and on the expiration of said period he brought mandamus
> proceedings to compel the circuit judge to set aside an
> order appointing a prosecutor on the theory that a va-
> cancy existed, *held*, by a divided court, that *quo warranto*
> is the proper remedy, and the writ of mandamus should
> be denied.

Mandamus by William A. Harrington, to compel
Nelson Sharpe, circuit judge of Otsego county, to set
aside an order of appointment to the office of prose-
cuting attorney for said county. Submitted October
8, 1918. (Calendar No. 28,360.) Writ denied De-
cember 27, 1918, by a divided court.

*William A. Harrington, in pro. per.*
*Cummins & Nichols,* for Wirt Barnhart.

Mr. Harrington was duly elected to the office of,
and qualified as, prosecuting attorney of Otsego coun-
ty for the two years' term beginning January 1, 1917.
On July 31st following, in a disbarment proceeding
instituted against him, he was suspended from the
practice of the law for a period of six months. On
August 6th respondent, circuit judge of that circuit,
appointed Willis L. Townsend prosecuting attorney for
the time being. Mr. Townsend continued to act until
February 1, 1918, when he resigned such appointment.
On the 11th day of February respondent appointed
Wirt Barnhart. By the order of appointment these
facts are recited and it is further recited that Mr. Har-
rington was not performing and had not assumed the
duties of the office since his suspension. This petition
is filed to compel by mandamus the setting aside of

See note in 19 L. R. A. (N. S.) 57.

this order. The return of the respondent admits the facts above stated, disaffirms any interest in the controversy other than that cast upon him as an official duty to see that some qualified person should be appointed to discharge the duties of such office; neither affirms nor denies relator's claims on the law, but states that an opinion of the attorney general on file with the clerk of said county holds that a vacancy existed in said office, which it was respondent's duty to fill. He returns upon information and belief that a *quo warranto* proceeding is pending between Mr. Harrington and Mr. Barnhart to determine the title to such office. The return is not traversed. No brief is filed by respondent. Leave having been previously granted by this court, counsel for Mr. Barnhart have filed a brief, which relator moves to strike from the files.

FELLOWS, J. (*after stating the facts*). The motion to strike the brief of Cummins & Nichols, filed on behalf of Mr. Barnhart, from the files is denied. It was filed by leave of this court. Mr. Barnhart has not filed a petition to intervene in the proceedings which might require notice. This court frequently accepts briefs filed by parties who may be interested in the proper solution of questions submitted to this court for determination. The practice should not be discouraged. Relator has had ample time to reply to such briefs, as his brief now being considered (his former brief having been stricken from the files as impertinent) was filed several months after that of Cummins & Nichols.

A most casual examination of the statement of facts will disclose that, stripped of all formalities, the question here involved, and the only question involved, is, Who is entitled to hold the office of prosecuting attorney of Otsego county, Harrington or Barnhart? Relator insists that he is the prosecuting attorney of that county by virtue of his election; that his suspen-

sion from practice did not create a vacancy; that the only authority given the circuit judge under the facts of the case is that found in section 2412, 1 Comp. Laws 1915, providing for the appointment of a prosecuting attorney for the time being; and that upon the expiration of the period of his suspension he was entitled to be restored to the office with all its rights and perquisities.  On the other hand it is insisted that by the suspension of Harrington's rights to practice law, he thereupon became disqualified to discharge the duties of the office; the same became vacant and that the respondent was required by section 11, article 7, of the Constitution, to fill such vacancy by appointment, and that the appointment of Barnhart was legal.

May this question be determined in this mandamus proceeding?  We think not.  There is no great public emergency, no greater than would ordinarily arise in a contest over any office; nor has this court by former adjudicated cases so settled the law as that we may say that Barnhart's claim is without foundation and but a pretext.  While this court has, as matter of favor, permitted the filing of a brief in behalf of Mr. Barnhart, he is not a party to these proceedings, had nothing to do with making the issue and has no control over the case.  A *quo warranto* proceeding is pending between the real parties to this controversy. The title to public office may be tried in *quo warranto* proceedings, but mandamus is not the proper remedy. *People, ex rel. Cuthbert,* v. *Common Council of Detroit,* 18 Mich. 338; *Keeler* v. *Deo,* 117 Mich. 1; *Ashwell* v. *Bullock,* 122 Mich. 620; *Pipper* v. *Wayne Circuit Judges,* 122 Mich. 688; *Lachance* v. *Machinac County Canvassers,* 157 Mich. 679; *Dickinson* v. *Cheboygan County Canvassers,* 148 Mich. 513; *Frey* v. *Michie,* 68 Mich. 323.

The petition for mandamus will be dismissed, but without costs.

BIRD, MOORE, and STEERE, JJ., concurred with FELLOWS, J.

OSTRANDER, C. J. I am impressed that the right of the relator to the office ought to be determined in this proceeding and for the reason that no real question of title to office is involved.

1. The prosecuting attorney, Harrington, the relator, was an attorney and counselor at law. It was a necessary qualification for holding the office, which he held by election. His punishment, inflicted by Judge Wiest, did not take away this qualification. He was not disbarred. He remained an attorney, but, for a time, one not permitted to practice his profession. He did not have to be again admitted to the bar when the period of suspension expired.

2. The statute, which demands that the prosecuting attorney shall be an attorney, given the greatest possible effect, in view of the circumstances, operated only to create a disability, for the time being.

3. The disability was removed when the period fixed in the order of Judge Wiest expired.

4. There was no vacancy in the office—the relator was under no disability to perform the duties of the office—when the last order of the court was made. Title to the office came to relator by election. No one in any proceeding instituted for the purpose has questioned his title.

5. The last order made by the court cannot be allowed to so operate as to raise the question of title. It is based upon the assumption that relator had lost title, that there was no one in office. With that order out of the way, and this is a direct proceeding which questions its validity, the whole matter is settled.

The writ should issue.

BROOKE, STONE, and KUHN, JJ., concurred with OSTRANDER, C. J.