## PETER P. CURRAN v. JAMES NORRIS.

*Delivery of official papers to successor—Appearance—Certiorari.*

1. The statutory proceeding for compelling a public officer to surrender the books and papers of his office to his successor (How. Stat. ch. 295) is summary and does not apply for determining the latter's right to the office, but only for ascertaining whether he has been declared by the proper authority to have been elected or appointed.

2. The right to a public office is to be settled by a proceeding in the nature of quo warranto.

3. Public proclamation by the inspectors of election, after canvassing the votes, that a specified person has been elected is sufficient prima facie evidence of his right to the books and papers of the office to warrant an order to the former incumbent to show cause why he should not surrender them to his successor.

4. Appearance in response to a summons to answer a complaint waives the informality where the proper process should have been an order to show cause.

5. Certiorari does not lie to review proceedings under How. Stat. ch. 295, to compel a public officer to surrender the books and papers of the office to his successor, unless a want of jurisdiction appears, or a gross violation of the statute.

Error to Iosco.   (Tuttle, J.)   Nov. 11.—Nov. 19.

Proceedings to compel surrender of official records. Plaintiff brings error. Writ of certiorari quashed.

*A. C. Maxwell* for appellant.

*S. G. Taylor* for appellee.

CHAMPLIN, J.   At the election for township officers held in the township of Sherman, in the county of Iosco, Peter P. Curran was, by proclamation, at the canvass of the votes for township clerk, duly declared elected to the office of township clerk.   James Norris was his predecessor in office, and after Curran was elected he demanded of Norris the books and papers appertaining to the office of township clerk, and Norris refused to deliver over the same.   Curran then instituted proceedings to compel a delivery of the books and papers, before Robert White, the circuit court commissioner of the county of Iosco, by lodging with him his complaint, setting forth the fact of his election, that Norris was his predecessor, his demand and Norris' refusal to deliver the books and papers appertaining to the office of township clerk.   Whereupon the circuit court commissioner issued a precept to the sheriff or any constable of the county, commanding him to summon Norris to be and appear before him at the court-house in Tawas City, in said county, on the 18th day of April, 1885, at one o'clock in the afternoon of said day, to answer the said complaint.   At the time fixed Norris appeared before the commissioner; the complaint was read to him and he was requested to plead thereto, and he pleaded "not guilty."   Defendant also objected to the jurisdiction of the court, which was overruled.   Evidence was then introduced on both sides, and after hearing the proofs and allegations of the parties, the commissioner adjudged that said James Norris unlawfully withheld and detained the books and papers belonging to the office of the township clerk of the township of Sherman from his successor in office, Peter P. Curran, contrary to the statute in such case made and provided, and that the said James Norris was guilty as charged in the complaint, and thereupon he ordered the said James Norris to deliver up to Curran, as his successor in office, all the books and papers belonging to the office of township clerk of said township on or before the Monday then next, and in case the same

were withheld and not so delivered up at that time, a warrant issue committing Norris to the common jail of the county, there to remain until he should deliver such books and papers, or be otherwise discharged according to law ; and he adjudged costs against Norris and in favor of Curran, and ordered execution thereof. Norris then made an affidavit for certiorari, and applied to Judge Tuttle, who allowed the writ, and on hearing in the circuit court he reversed and annulled the judgment of the commissioner, with costs.

The case is brought here upon writ of error, and these errors are relied upon, none of which we consider good if the writ of certiorari was a proper remedy under the circumstances. How. Stat., ch. 295, provides for a speedy and summary remedy to compel the delivery of the books and papers appertaining to an office by an incumbent whose term of office has expired, to his successor in office. It allows a complaint to be made to any judge of a court of record, or to any circuit court commissioner for the county where the person so refusing shall reside ; and if such officer be satisfied by the oath of the complainant, and such other testimony as may be offered, that any such books and papers are withheld, he shall grant an order, directing the person so refusing to show cause before him, within some short and reasonable time, why he should not be compelled to deliver the same. And at the time appointed, upon due proof of the service of such order, such officer shall proceed to inquire into the matters set forth in the complaint. If the person charged with withholding such books and papers shall make affidavit before such officer that he has truly delivered over to his successor all such books or papers in his custody or appertaining to his office, within his knowledge, all further proceedings before such officer shall cease, and the person complained against shall be discharged ; if he does not make the affidavit, and it shall appear that any such books or papers are withheld, the officer shall by warrant commit such person to the jail of the county, there to remain until he shall deliver such books and papers or be otherwise discharged according to law. Under this statute the officer granting the order must necessarily satisfy

himself, by sworn testimony, that the person who is alleged to have withheld the books and papers is a person who has been removed from office, or the term for which he shall have been elected or appointed has expired; that his successor has been elected or appointed, and has demanded the books and papers in his custody as such officer, or in any way appertaining to his office. In investigating the election or appointment of a successor, he proceeds no farther than to ascertain the fact whether such person claiming to be the successor has been by the proper authority declared elected or appointed. He cannot determine the right of such person to the office. The law has provided an appropriate remedy to determine the question of right to a public office by proceedings in the nature of a quo warranto.

In this case the commissioner received evidence that Mr. Curran was publicly proclaimed by the inspectors of election, after the votes were canvassed, to have been elected to the office of township clerk at the annual election held in April for the election of township officers. This was sufficient prima facie evidence of his being the successor of Mr. Norris as township clerk. The complaint authorized him to proceed and issue the order to show cause. The precept which he did issue was not an order to show cause before him why Norris should not be compelled to deliver the books and papers to his successor, but was a summons to answer the complaint. This informality was waived by the appearance at the time stated. But Norris showed no cause why he did not deliver over to Curran the books and papers. He filed no affidavit, and it was made to appear that such books and papers were withheld. The commissioner therefore adjudged that Norris did unlawfully withhold and detain the books and papers belonging to the office of the township clerk of said township of Sherman from his successor in office; and he should have at once issued his warrant committing Norris until he should deliver the books and papers, or be otherwise discharged according to law. Instead of doing so he made a further order that Norris deliver up to his successor such books and papers on or before the next Monday, and in case

they were not delivered at that time, then a warrant of commitment issue. This was irregular, and was giving to the respondent favors to which he was not entitled. It is of the utmost importance to the public that the officers elected or appointed by proper authority, should at once receive from their predecessors in office the books and papers appertaining thereto, and this statute was enacted to compel such delivery. Proceedings under it are summary, and it is not contemplated that they will be delayed by writs of certiorari to review the proceedings of the judge or commissioner, unless such officer has proceeded without jurisdiction, or has acted in gross violation of the statute. In this case the application for certiorari nowhere denies the allegations of the complaint. No showing is made that Curran was not declared elected township clerk by the inspectors of election, and no reason is stated why Norris, his predecessor in office, should not deliver to his successor the books and papers.

For these reasons we think the allowance of the writ of certiorari was improvident, and the writ must be quashed. No costs will be allowed to either party.

The other Justices concurred.