GEORGE W. CULVER, DIRECTOR, ETC., v. WALTER ARMSTRONG.

*School-districts—Election and qualification of officers.*

1. Duly elected school officers cannot be deprived of their offices by being prevented from filing their acceptances, and otherwise qualifying, by a conspiracy between the old officers of the school-district.

So *held*, where after the election of a moderator and assessor they handed their acceptances to the old moderator, who either delivered them to the director or laid them on the table, and the director on leaving the building gathered up all of the papers from the table and carried them away with him, and the next evening the newly elected officers went to the director's house to again tender their acceptances, but found him absent, and returned the following morning, when he refused to receive the acceptances and necessary bonds, and, on the officers persisting in their efforts to qualify, threatened to use an ax upon them, he having on the previous day handed his resignation to one of the old officers, who, on the same day of

such final refusal, met and, claiming to hold over, appointed a director to fill the alleged vacancy, after which, with their appointee, they employed a daughter of the old director as teacher of the school in the district.

2. Technicalities will not be permitted to defeat the will of the electors, fairly and honestly expressed at the annual school meeting, in the choice of district officers; and public policy and the best interests of the schools require that controversies as to who are the legal officers of a school-district shall be settled as speedily as possible.

3. The election of an assessor of a school-district on an informal ballot, coupled with a vote of the meeting declaring such election, is sustained in this case.

4. Proceedings under chapter 295, How Stat., to secure the possession of books and papers in the hands of an illegally appointed school director are held more appropriate than by *quo warranto*, being more speedy and simple.

*Certiorari* to Lake circuit judge. Argued October 16, 1889. Writ dismissed October 25, 1889. The facts are stated in the opinion.

*Ransom Cooper*, for George W. Culver.

*A. H. Swarthout*, for Walter Armstrong.

Morse, J. In this case it is clear that, at the annual school meeting of district No. 3 of the township of Pinora, Lake county, held on the evening of September 3, 1888, John Speers was duly elected assessor, and Levi W. Ricker, moderator. This is shown by the official record of the meeting, made up and signed by Michael Derschell, director, and P. McLaughlin, moderator. These officers were elected to take the places of P. McLaughlin and John Lindner. The record also shows that, the same evening of the annual meeting, said Speers and Ricker wrote out their acceptances of the offices, and handed the same to the moderator, McLaughlin, who either handed them to the director, Derschell, or laid them on the table in front of them. When the director

left the building where the meeting was held, he gathered up all the papers on the table, and carried them away with him.   The next day, Speers and Ricker heard rumors that they had not properly accepted the offices to which they had been elected, and therefore went to Derschell's house in the evening to again tender their acceptances, but found him away from home.   On the morning of September 5, 1888, they again called at the director's house, and found him at home.   They had with them the necessary papers, acceptances, and bonds with. which to qualify.   Derschell refused to receive them, or do any business whatever with them, stating that he had no time for school matters.   Speers and Ricker were anxious to qualify, and were somewhat persistent in their endeavors to do so.   They followed Derschell out to his stable, and tried to coax him to receive the papers and finish up the business, as it would take but a few minutes.   Derschell finally lost his temper, and, drawing an axe, threatened to use it upon them if they followed him further, and notified them that, if they bothered him any more, it would be at the "peril of their lives."

It further appears from the record that Derschell, the day before (September 4), had written out his resignation of the office of director, and handed it to one of the old officers.   Thereupon, and on September 5, 1888, McLaughlin and Lindner, claiming to hold over for the reason that their successors had not been duly elected and qualified, met and appointed Walter Armstrong director, in the place of Derschell.   September 22, 1888, Armstrong, McLaughlin, and Lindner, claiming that they composed the legal school board of the district, met, and hired Derschell's daughter Anna for teacher of the school for the term of six months, at $30 per month.   This probably furnishes the key to Derschell's action, and the motive of it.   September 11, 1888, Speers and Ricker,

claiming to hold the offices to which they were undoubt-edly legally elected, met, and appointed George W. Cul-ver director, to fill the vacancy caused by Derschell's resignation, of which resignation they were informed by the action of the old board in appointing Armstrong, and the surrender of the books and papers of the district to Armstrong by Derschell. Culver, having qualified, thereafter demanded the books and papers belonging to the office of director of Armstrong, who refused to deliver them up. Thereupon Culver, under chapter 295 of Howell's Statutes, made complaint to the judge of the circuit court for the county of Lake. Upon this complaint a hearing was had, and testimony taken, in open court; both parties appearing, and a full investiga-tion being gone into as to the facts. December 6, 1888, the circuit judge, Hon. J. Byron Judkins, made an order that the said Walter Armstrong deliver the books and papers belonging to the said office over to the said George W. Culver.

We are asked to review these proceedings on writ of *certiorari* sued out by said Armstrong. We have done so. We are satisfied that Ricker and Speers were duly elected at the annual school meeting, by a majority of the qual-ified electors of the district present and voting, modera-tor and assessor, respectively, of said district. We are also further satisfied that they were prevented from filing their acceptances, and otherwise qualifying, by a conspiracy between the old officers, McLaughlin, Lindner, and Der-schell. This conspiracy was for personal ends; one of the objects being to keep McLaughlin and Lindner in, that they might employ Derschell's daughter as teacher. Der-schell's resignation was for the express purpose of pre-venting Ricker and Speers from qualifying. Ricker and Speers each did all in his power to qualify. Duly-elected school officers cannot be prevented from holding the

offices to which they are elected by any such proceedings as these on the part of the retiring officers; and no technicalities will be permitted to defeat the will of the electors, fairly and honestly expressed at the annual school meeting, in the choice of district officers; and public policy, and the best interests of the schools, require that controversies as to who are the legal officers of a school-district shall be settled as speedily as possible.

It is substantially admitted by the counsel for the respondent, Armstrong, that Ricker was duly elected; and the record of the meeting, made up by the old officers, shows that Speers received 18 votes to 16 for Lindner, for assessor. But it is claimed that the ballot was an informal one. The record so shows; but it also appears that a motion that Speers be considered elected upon that ballot was carried, and, without any question as to his election, the meeting then proceeded to vote for moderator. We think he was fairly elected, and that, after the tender of their acceptances and bonds were made to Derschell, Ricker was the lawful moderator, and. Speers the legal assessor, of this school-district.

This ends the controversy as to who is the director. Culver, being appointed by the legal school board, was the director, and entitled to the books and papers at the time of his demand for the same.

We shall not look further into the proceedings before Judge Judkins to ascertain whether or not he erred in some matters as to the admission or rejection of testimony. If he did err as claimed, it did not, and could not, affect the merits of the controversy or the result. It is perfectly plain that his order was just, and the only one that could have been made under the facts as shown by the testimony on both sides.

Nor do we think that Culver made a mistake in his remedy. We think the proceedings taken under the

statute more appropriate than that of *quo warranto,* being more speedy and simple. The Legislature evidently intended that it should reach just such a case as the one before us; for it is provided, in case of vacancy, that the successor to the office (which would be one legally appointed, as well as one legally elected) can take the proceedings to recover the books and papers belonging to the office as well against any person who may have the possession of them as he might, under the statute, against the officer who has been removed, or whose term has expired. How. Stat. § 8547.

The action of the old school officers was unjustifiable, and without any excuse. We think the circuit judge was none too severe in his strictures upon their conduct. His order in the premises is affirmed.

The writ of *certiorari* will be dismissed, with the costs of this Court, and of the proceedings before the circuit judge, against the respondent, Armstrong.

The other Justices concurred.