LUTHER M. PACKARD v. THE BOARD OF CANVASSERS OF
MENOMINEE COUNTY.

*Elections—Recount—Duty of board of canvassers—Quo warranto.*

1. Should a board of canvassers refuse to recount under Act No.
   208, Laws of 1887 (3 How. Stat. § 234a), when the application
   is filed in time, .. writ of *mandamus* would issue to set the
   board in motion; but when they have recounted and declared
   the result, and made their return and adjourned, they become
   *functus officio*, and the remedy of ·the party claiming to be
   aggrieved is by a *quo warranto* proceeding to test the validity
   of the election.

2. The provision of the act requiring the recounting committee to
   make a return to the board of canvassers, "showing the whole
   number of votes given, the names of the candidates, and the
   number of votes given to each, written out in words and
   figures as upon the ballots," cannot be construed as calling for
   a statement of every contested ballot, showing the reasons for
   which it was rejected, so that the contestant may take advant-
   age of any error by writ of *certiorari* to the circuit court.

*Mandamus.* Argued December 23, 1892. Denied Decem-
ber 24, 1892.

Relator applied for *mandamus* to compel respondent to
reassemble, and make a full and detailed report of all
ballots claimed to have been improperly counted for his
opponent, and of those in his favor rejected by said board,
and for an order to count certain ballots and reject others.
The facts are stated in the opinion.

*Sawyer & Waite,* for relator.

*B. J. Brown,* for respondent.

PER CURIAM. The petitioner was a candidate for the
office of county treasurer of Menominee county at the last
November election. His opponent was declared elected by

the board of county canvassers. He, in season, filed his demand for a recount, under Act No. 208, Laws of 1887. Such recount was had, the committee appointed reported to the board of county canvassers that his opponent was elected, and the board so declared the result. He now asks for the writ of *mandamus* to compel the board to reassemble, and make a full and detailed report of all the ballots which he claims were improperly counted for his opponent, and the rejection of certain ballots in favor of himself, and that said board be directed by this Court to count certain ballots for himself, and to reject some counted for his opponent.

Should the board of canvassers refuse to recount under this statute, when the application is filed in time, the writ would issue to set the board in motion; but when they have recounted and declared the result, and made their return and adjourned, they then become *functus officio*, and the remedy of the party claiming to be aggrieved is by a *quo warranto* proceeding to test the validity of the election.

The claim of relator is that the board and committee appointed in accordance with the law to recount the votes should return a statement of every contested ballot, showing the reasons for which it was rejected, so that the contestant may take advantage of any error by the writ of *certiorari* to the circuit court. The statute cannot be so construed. The provision reads as follows:

"Said committee shall, in some public place, where such candidates and their counsel may be present if they so desire, without unnecessary delay, proceed to open the ballot-boxes from such districts, townships, or wards, and to make a recount thereof as to such candidates, and make correct and full returns in writing under their hands to said board, showing the whole number of votes given, the names of the candidates, and the number of votes given to each, written out in words and figures as upon the ballots."

The recount was had publicly, as the law provides, and

each party inspected the disputed ballots, and therefore obtained the evidence by which the election can be contested. This Court cannot, in this proceeding, be called upon to determine whether these ballots were in fact ballots; that is, whether they were properly cast or not. The ballots themselves and the witnesses should be produced before the court where the contest is made. These ballots cannot be produced here, nor photographs made of them, so as to put this Court in possession of all the facts.

It follows that the relator's remedy is by *quo warranto,* and the writ must be denied.