McQUEEN *v.* COMMON COUNCIL OF DETROIT.

COURTS—DISCRETIONARY WRITS—REMOVALS FROM OFFICE — CONFESSED INCOMPETENCE.

> Where one's unfitness for an official position from which he has been summarily removed is conceded, he cannot invoke the aid of the discretionary writ of *mandamus* to exact payment of salary for a period succeeding his discharge, even though his removal may have been illegal because without opportunity for hearing and defense.

*Certiorari* to Wayne; Carpenter, J. Submitted March 1, 1898. Decided March 1, 1898.

*Mandamus* by James McQueen to compel the common council of the city of Detroit to pay to relator his salary as assistant boiler inspector. The writ was denied, and relator petitioned for the writ of *certiorari*. Petition denied.

The relator was appointed assistant boiler inspector of the city of Detroit, duly qualified by filing his oath and bond, and held the position until July 21, 1897, when he was discharged by the inspector. He afterwards presented a petition for the writ of *mandamus* to the Wayne circuit court, to compel the city to pay him his salary for August, September, October, and the first half of November. The respondent answered this petition, issue was joined, and the following are the stipulated facts:

"The position of assistant boiler inspector, to which the relator was appointed, is one of grave responsibility, and for a proper discharge of its duties requires a sober, temperate, and trustworthy man. Among other things, he is required to inspect and test boilers located in buildings and factories where large numbers of workmen are employed, and the least carelessness, neglicence, or inattention to such work is liable to result in a great loss of life and destruction of property. Soon after the appointment

as above, the relator inspected a boiler used by the Volksblatt Printing Company while he was very much intoxicated. Upon learning this, the boiler inspector warned the relator that, if he again got intoxicated while in the performance of his duties, he would be summarily discharged, and the relator fully knew and understood that, if he again became intoxicated while on duty, he would be discharged. Relator got in the habit of drinking heavily while off duty, and the boiler inspector, after the incident above related, again warned the relator against being intoxicated while on duty, and of the consequences which would follow, viz., a summary discharge. On or about July 21, 1897, the relator, while on duty, was very much intoxicated, and got into a violent altercation with the clerks in the office of the boiler inspector, and, when the boiler inspector came in, was using violent, abusive, and vile language. The boiler inspector attempted to quiet him, but, being unable to do so, summarily discharged him for being drunk while on duty, and ordered the relator to leave the office, which he did, but subsequently returned, and was arrested by a police officer for being drunk and disorderly. No written charges were made against the relator by the boiler inspector, but the relator fully understood why he was discharged, but said he ought to be paid for a month. Subsequently he sought to have the boiler inspector reappoint him to his old position, and frequently importuned him to do so. This being refused, the relator then presented his claim to the common council for the time he remained unemployed, which claim was denied. The relator was given no trial or hearing other than is herein stated."

The court below denied the petition. Relator now petitions this court for the writ of *certiorari* to review the judgment of the lower court.

*John J. Speed*, for relator.

Grant, C. J. (*after stating the facts*). The relator insists that he could not be removed except upon the preferment of charges and an opportunity to be heard and defend himself. The agreed facts show that relator was unfit to hold the important position to which he was appointed, and that his removal was justified. He now de-

mands payment from the city for services not rendered, because his removal was not in accordance with the strict rules of the law, and asks the court to issue the discretionary writ of *mandamus* to accomplish that purpose. Courts will not grant discretionary writs to accomplish an apparent injustice, and to enforce payment where clearly nothing is equitably or justly due. We therefore decline to issue the discretionary writ of *certiorari* to review this proceeding. We, of course, express no opinion upon the question of the power of removal. We only determine that, where one's unfitness for the position is confessed, he cannot invoke discretionary writs to test the question. Merrill, Mand. § 74; *Board of Sup'rs of Cheboygan Co.* v. *Township of Mentor*, 94 Mich. 386.

Writ denied.

The other Justices concurred.