PIPPER *v.* WAYNE CIRCUIT JUDGES.

TITLE TO OFFICE—CONTESTING CLAIMANT—MANDAMUS.

The title of the incumbent of an office who is *prima facie* entitled thereto, and who is actually exercising its functions, will not be tried in *mandamus* proceedings instituted by a contesting claimant.

*Mandamus* by Jacob Pipper to compel William L. Carpenter and Robert E. Frazer, circuit judges of Wayne county, to determine, in *mandamus* proceedings instituted by relator against William Blanck, the title to the office of supervisor of the township of Hamtramck. Submitted January 2, 1900. Writ denied February 20, 1900.

*Jasper C. Gates*, for relator.

*Bacon & Yerkes*, for respondents.

MOORE, J. On the 11th day of October, 1899, a judgment was entered in the circuit court for the county of Wayne in an action of *quo warranto* brought by Allan H. Frazer, prosecuting attorney, against Bernard Monaghan, who was holding and exercising the office of supervisor of the township of Hamtramck, ousting the said Monaghan therefrom; and by virtue of such judgment the office of supervisor of the township of Hamtramck be-

came vacant. On the 13th day of October, 1899, a meeting of the township board of the township of Hamtramck was held for the purpose of filling the vacancy in the office of supervisor of that township, and the action taken by the board is recorded as follows:

"Township board of township of Hamtramck met at the office of the township clerk on Friday, Oct. 13, A. D. 1899. Present at said meeting: John Reed, chairman; James Colquett, J. P.; and George Gable, clerk. The meeting being called to order, the chairman announced that he wanted a full board to choose a supervisor, and Justice Dickinson was called to act. There being no preliminary business, the board at once proceeded to ballot for supervisor. For twenty-five ballots the vote stood two for Wm. Blanck and two for Jacob Pipper. On the twenty-sixth ballot the vote stood three for Wm. Blanck and one for Jacob Pipper, and Wm. Blanck was declared duly appointed supervisor. He at once qualified, and was given credentials to the board of supervisors.

"Recorded this 17th day of October, 1899.

"GEORGE GABLE, Township Clerk."

' On the same day, and after such appointment was made, William Blanck took the oath of office as prescribed by the Constitution of the State, and filed the same with the clerk of said township, and immediately upon taking such oath of office he took possession of the books and papers belonging to such office, and entered upon the performance of its duties, and on the same day received a certificate of appointment from the township clerk, which is as follows:

"HAMTRAMCK, Oct. 13, 1899.

"To the Honorable Board of Supervisors of Wayne County:

"*Gentlemen:* At a meeting of the township board of the township of Hamtramck, held at the office of the township clerk, William Blanck was duly appointed supervisor of the township of Hamtramck to fill the vacancy caused by the removal of Bernard Monaghan.

"GEORGE GABLE, Township Clerk."

On the 14th day of October, 1899, William Blanck pre-

sented such certificate to the board of supervisors of the county of Wayne, which was then in session, and was admitted to a seat on said board as supervisor of said township of Hamtramck, and continued to act as a member of said board during the entire session.

Relator claims to have been appointed supervisor at the same meeting, and on the 20th day of October, 1899, relator filed a petition with the respondent William L. Carpenter, praying for an order to show cause why William Blanck should not be required to deliver over to the relator the books and papers belonging and appertaining to the office of supervisor of the township of Hamtramck. Relator alleged in his petition that at the meeting of the township board held on the 13th day of October, 1899, George Gable, township clerk, and James Colquett, justice of the peace, on the first ballot, voted to appoint relator supervisor of said township, and that John Reed and William Dickinson, a justice of the peace of the township of Hamtramck, voted for William Blanck; that William Dickinson was not a member of such board, and was not entitled to sit thereon, and his vote was invalid, and therefore relator received a majority of the legal votes cast, and was elected on the first ballot. Relator also alleges in his petition that William Blanck pretended that he was appointed supervisor of the township of Hamtramck, and that William Blanck had qualified as such supervisor, and claimed and pretended to be the supervisor of said township. William Blanck filed an answer, in which, among other things, he denied that relator was appointed to the office of supervisor of the township of Hamtramck, and alleged that he (William Blanck) was appointed to that office, and that he had qualified and entered upon the performance of the duties of supervisor of the township of Hamtramck, and held the books and papers by virtue of such appointment; and also alleged that, under the undisputed facts, respondents had no jurisdiction to make the order prayed for. At the hearing before the respondents it was decided that, on the face of

the records, William Blanck was appointed supervisor, and was *prima facie* entitled to the possession of the books and papers, and that respondents had no authority to enter into an inquiry as to the merits of the claims of the relator and William Blanck to such office in these proceedings.   An order was made dismissing relator's petition.

A similar question was before us in the case of *Ashwell* v. *Bullock, ante,* 620.   At the hearing in that case our attention was not called to the case of *Culver* v. *Armstrong,* 77 Mich. 194, which is cited here by the counsel for relator.   We agree with the views expressed by the circuit judges in relation to that case,—that it appeared from the record therein that Speers and Ricker were duly elected, and that there was no *bona fide* controversy as to who was elected to the respective offices, but, as stated by Justice MORSE, the attempt to keep them out was the result of a conspiracy for personal ends.   In this case the record discloses that Mr. Blanck was duly appointed to the office, and is now in the discharge of its duties.   It is the claim of the relator that the record is ambiguous, and, in order to show just what was done by the town board, it is proposed to give oral testimony.   Relator is not able to make his case without doing so, and it will also be necessary to enter upon the inquiry for whom the respective members of the town board voted.   Mr. Blanck is *prima facie* entitled to the office.   He is now in the discharge of its duties.   The relator claims he was duly appointed, and that he is entitled to the books and papers pertaining to the office.   This raises such an issue as ought not to be tried in this proceeding.   The case is ruled by *Ashwell* v. *Bullock, supra,* and the cases there cited.

The writ of *mandamus* will be denied.

The other Justices concurred.