## FILLMORE *v.* VAN HORN.

1. STATUTES — ATTACKING VALIDITY — TITLE TO OFFICE — SUIT TO COMPEL DELIVERY OF OFFICIAL PAPERS.

   Where, in a proceeding under 3 Comp. Laws, chap. 272, to compel the delivery to relator of certain books and papers claimed by him as respondent's successor in a public office, relator claims that the act under which respondent was appointed was repealed by the act under which relator was appointed, respondent may attack the constitutionality of the latter act.

2. SAME—ENACTMENT—TITLE.

   The title to an act is required by the Constitution, and is as much a part of the act as the body thereof; and if it appears from the legislative journals that an act was passed by the respective houses under different titles, it follows that the act is void.

3. SAME—BARBERS' LICENSE LAW—CONSTITUTIONALITY.

Act No. 235, Pub. Acts 1901, relating to the examination and licensing of barbers, was passed in the senate under a title which had been amended to read as follows: " A bill to provide for the examination and licensing of barbers by a state board; prescribing the powers and duties of said board; to regulate the management of barber shops; and to repeal Act No. 212 of the Public Acts of 1899, entitled  *  *  *." The bill was transmitted to the house, however, under the title as it stood before being amended,—i. e., " A bill to provide for the examination and licensing of barbers, and to regulate the management of barber shops,"—and was there passed under the latter title, and returned to the senate, with sundry amendments to the body of the bill, in which the senate concurred. Held, that the act was invalid, the title not having been agreed to by both houses, and therefore the prior act, which it sought to repeal, remained in effect.

*Certiorari* to Berrien; Coolidge, J.   Submitted November 13, 1901.   Decided December 3, 1901.

Proceeding by Ransom M. Fillmore against Frank M. Van Horn to compel the delivery of books and papers held by the latter as secretary of the state board of examiners of barbers. From a judgment for respondent, relator brings *certiorari*.   Affirmed.

Relator brings this action under chapter 272, 3 Comp. Laws, which requires every person, when removed from office, or after the expiration of his term, to deliver over on demand to his successor all books and papers in his custody as such officer. Upon refusal such successor may institute a proceeding before any judge of a court of record or circuit court commissioner to compel such delivery. Relator claims to hold title under Act No. 235, Pub. Acts 1901, entitled "An act to provide for the examination and licensing of barbers, and to regulate the management of barber shops." He was elected secretary and treasurer. Respondent was elected secretary of the board of examiners of barbers under Act No. 212, Pub. Acts 1899, entitled "An act to provide for the examination and

licensing of barbers." His term of office would expire on September 1, 1902. The act of 1901, if valid, repeals the act of 1899.

The original bill was introduced in the senate, and known as "Senate Bill No. 47," and entitled:

"A bill to amend sections 3, 4, 5, 6, 7, and 9, and to repeal sections 8 and 10, of an act entitled 'An act to provide for the examination and licensing of barbers,' being Act No. 212 of the Public Acts of Michigan for the year 1899, approved June 1, 1899, and to add thereto seven new sections, to stand as sections 8, 10, 11, 12, 13, 14, and 15 of said act, and to amend the title of said act so as to read as follows: 'An act to provide for the examination and licensing of barbers, and to regulate the management of barber shops, and to provide a penalty for violation of the provisions of this act.'"

The bill was referred to the senate committee on state affairs, and was reported back to the senate with the request that it be printed, which was agreed to. On April 24th the committee reported the bill to the senate under the same title as that above given, and a substitute therefor, entitled "A bill to provide for the examination and licensing of barbers, and to regulate the management of barber shops." On April 25th the senate journal reads as follows:

"Senate bill No. 47 (file No. 182), entitled 'A bill to provide for the examination and licensing of barbers, and to regulate the management of barber shops,' was read a third time, and passed, a majority of all the senators elect voting therefor by yeas and nays. The question being on agreeing to the title, Mr. Goodell moved to amend the title so as to read as follows: 'A bill to provide for the examination and licensing of barbers by a state board; prescribing the powers and duties of said board; to regulate the management of barber shops; and to repeal Act No. 212 of the Public Acts of 1899, entitled "An act to provide for the examination and licensing of barbers."' The motion prevailed, and the title was so amended. The title as amended was then agreed to."

A motion to give the bill immediate effect having failed,

it was laid upon the table. On May 1st it was taken up, and ordered to take effect June 1, 1901.

On May 2d the secretary of the senate sent the following communication to the speaker of the house of representatives:

"*Sir :* I am instructed by the senate to transmit to the house the following bill: Senate bill No. 47 (file No. 182), entitled 'A bill to provide for the examination and licensing of barbers, and to regulate the management of barber shops,'—and to inform the house that the bill has passed the senate, and has been ordered to take effect June 1, 1901. In this action of the senate the concurrence of the house is respectfully asked."

The bill was then referred to the house committee on state affairs. On May 9th it was reported by the committee to the house under the same title as given in the message of the secretary of the senate, with sundry amendments thereto, recommending that the amendments be concurred in, and that the bill so amended do pass. The amendments were concurred in. The bill was ordered printed and placed on the general order.

May 27th a member moved to discharge the committee of the whole from the further consideration of said bill, entitled "A bill to provide for the examination and licensing of barbers, and to regulate the management of barber shops," and it was passed by the house. Certain amendments were made, and the bill was then referred to the committee on labor. May 28th it was reported back to the house by the committee, passed, given effect June 1st, and returned by the clerk of the house to the senate by the same title as last above stated. The amendments were concurred in, and the bill was referred to the secretary for printing and presentation to the governor.

The circuit judge denied the relief asked, and the case is before us on the writ of *certiorari* for review.

*Horace M. Oren*, Attorney General (*Charles W. Mc-Gill*, of counsel), for appellant.

*Humphrey S. Gray* (*G. W. Bridgman*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). 1. The act is attacked as not constitutionally passed, because the title was not agreed to by both houses of the legislature, and because the bill was not introduced during the first 50 days of the session. A preliminary question is raised by the attorney general that its constitutionality cannot be attacked in this proceeding; citing *Curran* v. *Norris*, 58 Mich. 512 (25 N. W. 500). That was a case where the office existed, and the question was who was entitled to fill it. It was held that the writ of *certiorari* could not be used to delay the proceedings, "unless such officer has proceeded without jurisdiction, or has acted in gross violation of the statute." If there is no law, there is no office. An unconstitutional act is no law. There must be an office *de jure* to fill or there can be no officer *de facto* to fill it. Relator asserts the existence of an office, and his right to it. If the law under which he claims is unconstitutional, he has no standing. *Eaton* v. *Walker*, 76 Mich. 579 (43 N. W. 638, 6 L. R. A. 102); *Carleton* v. *People*, 10 Mich. 250; *Norton* v. *Shelby Co.*, 118 U. S. 425 (6 Sup. Ct. 1121). In the last case it is said, at page 442:

"The idea of an officer implies the existence of an office which he holds. It would be a misapplication of terms to call one an officer who holds no office, and a public office can exist only by force of law."

Therefore the constitutionality of the act is the issue.

2. This brings us to the main question. The title to an act is required by the Constitution. It is as much a part of the act as the body thereof. A law cannot be enacted by the legislature without a title. The legislative journals must control; and if those journals show that the senate passed an act by one title, and the house by another, it must follow that the act is void, because no title has been agreed to by both houses. *Simpson* v. *Stock-Yards Co.*, 110 Fed. 799. In that case the legislative journals showed that a bill for the regulation of stock-yards was passed by both houses by the same title.

The clerk made a mistake, in engrossing and enrolling the act, in using the title by which the journals showed it had been read a first and second time in the house. The court said it was undoubtedly a clerical error, but held the act void notwithstanding. See, also, *Chicago, etc., R. Co.* v. *Smyth*, 103 Fed. 376; *State* v. *Brookhart*, 113 Iowa, 250 (84 N. W. 1064).

In this case the secretary of the senate undoubtedly made a mistake in transmitting the bill to the house by a wrong title. But the house never agreed to the title to the act to which the senate had agreed, and the senate did not agree to the title to the act as it came back from the house. One enacted a title to repeal, the other enacted no such title to the bill passed by it. The house made some amendments to the body of the bill, and those were concurred in by the senate; but the title was a different one in each house. The bill was sent to the governor for his approval, and was signed by him with a title to which both branches of the legislature had not agreed. This appears conclusively by the journals, which must control.

The judgment of the court below is affirmed.

The other Justices concurred.