HARTWIG *v.* MAYOR AND COMMON COUNCIL OF MANISTEE.

1. MANDAMUS—TITLE TO OFFICE—STREET COMMISSIONER.
   Where a street commissioner was removed from office by a common council having the power to do so, the courts will not review the regularity of the proceedings on an application for *mandamus* to compel the city to pay his salary.

2. SAME—QUO WARRANTO.
   On an application for *mandamus* to compel a city to pay the salary of an official during the time he was suspended from office, the court will not presume that there was not some person performing the duties of the office, against whom *quo warranto* proceedings might have been instituted.

3. PUBLIC OFFICERS—SUSPENSION—SALARY—MANDAMUS.
   Where a street commissioner's unfitness for office is conceded, *mandamus* will not be granted to compel the city to pay his salary during the time between his suspension and the date of his removal, even if such suspension was unauthorized.

*Certiorari* to Manistee; Chittenden, J., presiding. Submitted October 6, 1903.   (Calendar No. 19,305.)   Decided November 3, 1903.

*Mandamus* by Claus Hartwig to compel the mayor and common council of the city of Manistee to pay an amount claimed to be due relator for salary as street commissioner. From an order denying the writ, relator brings *certiorari*. Affirmed.

*Thomas Smurthwaite* and *Frank L. Fowler*, for relator.

*John H. Grant*, City Attorney, for respondents.

CARPENTER, J. This is a *mandamus* proceeding brought to this court by a writ of *certiorari*. Relator was street commissioner of the city of Manistee. His term of office expired, according to his claim, on the 19th of April, 1901. His salary was $800 per year, payable in monthly installments. On the 19th of June, 1900, respondent passed a resolution suspending relator from his office, pending an investigation of the charge that he was "incompetent and unreliable in his work and in the management of the affairs of the city." September 19, 1900, after an investigation of these charges as amended (the amendment made the charges more specific), a resolution was adopted by respondent, removing relator from said office. Respondent body had authority, after hearing and investigation, to remove relator from office. It is claimed, however, that those proceedings were irregular, and that there was no authority to spend him. Relator seeks in this case a *mandamus* compelling respondents to pay his salary for the three months intervening between his suspension and removal, during which time he did not, though willing to do so, perform the duties of his office. The trial court refused to issue the writ.

We cannot, as requested by relator, inquire into the regularity of the proceedings which resulted in his removal. He was in fact removed from office, after a hearing and investigation, by a body possessing the authority to remove him. If relator wished to raise the claim that, notwithstanding this removal, he was *de jure* the street commissioner of Manistee, he should have proceeded by *quo warranto*. *Fuller* v. *Attorney General*, 98 Mich. 96 (57 N. W. 33). He cannot raise that issue on an application for a writ of *mandamus*. See *Pipper* v. *Wayne Circuit Judges*, 122 Mich. 688 (81 N. W. 962); *Ashwell* v. *Bullock*, 122 Mich. 620 (81 N. W. 577); *People* v. *Common Council of Detroit*, 18 Mich. 338; *School Dist. No. 8 of Tallmadge* v. *Root*, 61 Mich. 373 (28 N. W. 132); *Pariseau* v. *Board of Education of Escanaba*, 96 Mich. 302 (55 N. W. 799).

In reaching this conclusion we have not overlooked the contention of relator that proceedings by *quo warranto* could not have been instituted, because there was no officer disputing relator's title to the office. We cannot draw this inference from the record. It is true that it appears that, at the time these proceedings were instituted, relator's successor had not been nominated and confirmed. But it also appears that, during the investigation, one Ernest Nitz acted as street commissioner. We are not warranted in inferring that Nitz did not continue to perform the duties of that office until relator's successor was regularly appointed. We cannot, therefore, infer that there was not some person performing the duties of this office, against whom *quo warranto* proceedings could have been commenced.

Full effect cannot be given to the action removing relator from his office without presuming him guilty of the charges made against him. It must be assumed that relator was guilty of these charges, as he has been adjudged to be. We must assume, therefore, that relator was unfit to perform the duties of his office during the period for which he now seeks to recover his salary. Under this assumption, relator is not (even though he was illegally suspended from office), under the authority of *McQueen* v. *Common Council of Detroit*, 116 Mich. 90 (74 N. W. 387), entitled to a writ of *mandamus* compelling the payment of that salary.

The order of the court below will therefore be affirmed, with costs.

The other Justices concurred.