MURTA *v.* CARR.

OFFICERS—BOOKS AND PAPERS—CUSTODY—PROCEEDINGS TO COMPEL DELIVERY—REVIEW BY CERTIORARI—STATUTE.
　　The proceedings provided by statute (§§ 9843-9851, 3 Comp. Laws) to compel delivery of books and papers by a public officer to his successor, are not adapted to a determination of the rights of contestants to an office, but are merely appropriate for ascertaining whether a petitioner is prima facie such an officer as entitles him to the possession of the books and papers of the office. After an adjudication of this question by a court of competent jurisdiction the defeated party cannot review the judgment by certiorari and thereby defeat the object of the statute, but must resort to quo warranto or other proceedings appropriate to try title to an office.

Certiorari to Livingston; Smith J. Submitted April 28, 1905. (Docket No. 118.) Decided June 29, 1905.

Proceedings by Daniel W. Murta against Warren A. Carr to compel the delivery of certain books and papers belonging to the office of school trustee. There was an or-

·der compelling delivery, and respondent brings certiorari. Writ quashed.

*William P. Van Winkle*, for appellant.

*Shields & Shields*, for appellee.

BLAIR, J. This suit was commenced in the circuit court for the county of Livingston under the provisions of 3 Comp. Laws, chap. 272, §§ 9843–9851. This statute provides:

" Whenever any person shall be removed from office, ·or the term for which he shall have been elected or appointed shall expire, he shall, on demand, deliver over to his successor all the books and papers in his custody as such ·officer," etc.

School district No. 2 of the township of Putnam, Livingston county, Mich., is a graded school district under the provisions of the general school law of the State of Michigan. The annual school meeting in said school district was held on July 11, 1904. At that time there were to be elected two trustees for the term of three years, and two trustees to fill vacancies for the term of two years. The said school meeting elected four men trustees, without designation as to which two were for full term (three years), or which two were to fill vacancies (two years). Respondent, Warren A. Carr, was elected a trustee of said school district for a full term of three years at the regular annual school meeting in said district held July 11, 1901, and therefore his term of office naturally expired July 11, 1904; and he was as such trustee the director or secretary of the board on the 11th day of July, 1904, having been chosen in due form by the said board of trustees to act in that capacity. The petitioner, Daniel W. Murta, is one of the four men indiscriminately elected at this annual school meeting of July 11, 1904, and claims to be the successor of the said Warren A. Carr, and instituted these statutory proceedings to obtain possession of the books and papers belonging to the office. The case was argued

before the judge of the circuit court for the county of Livingston, who, after hearing the argument, filed his opinion and made his order in the said cause, wherein he granted the prayer of the petitioner, and found that the said Daniel W. Murta was prima facie entitled to the office, and directed the said Warren A. Carr to turn over the books and papers to the said Murta within 10 days. The proceedings were removed to this court for review by writ of certiorari.

Respondent contends that the judgment is erroneous, because:

*First.* The statute above referred to does not apply to the case, but proceedings should have been instituted in the nature of a quo warranto.

*Second.* It clearly appears from the minutes of the school meeting that said Murta was not legally elected, for the reason that the electors did not designate which of the four officers were elected to fill vacancies and which were elected for the regular term.

Counsel for petitioner contend that the order of the circuit judge cannot be reviewed in this court upon certiorari. We think this contention must prevail. This court held in *Curran* v. *Norris*, 58 Mich. 512, that:

" It is of the utmost importance to the public that the officers elected or appointed by proper authority should at once receive from their predecessors in office the books and papers appertaining thereto, and this statute was enacted to compel such delivery. Proceedings under it are summary, and it is not contemplated that they will be delayed by writs of certiorari to review the proceedings of the judge or commissioner, unless such officer has proceeded without jurisdiction or has acted in gross violation of the statute."

The statute in question is not adapted to a determination of the rights of contestants to an office, but is appropriate for ascertaining whether a petitioner is prima facie such an officer as to entitle him to the possession of the books and papers of the office. After an adjudication of this question by a court of competent jurisdiction, the de-

feated party cannot review the judgment upon certiorari and thereby defeat the object of the statute, but must resort to proceedings in the nature of quo warranto, or to some other appropriate action to try title to the office.

The writ is quashed, with costs to the appellee.

MOORE, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.