MINER *v.* BEURMANN.

1. ELECTIONS—RECOUNT—PUBLIC OFFICERS.
   . Where respondent, a candidate for election as supervisor, was
   also a member of the board of election canvassers, and signed
   the report of a recount declaring respondent elected, but a
   majority of the board without counting respondent signed
   the report, it was valid and conclusive of the facts stated
   therein. 1 Comp. Laws, § 3725.

2. SAME—SUPERVISORS—RECOUNT—BOARD.
   A recount of the vote for township supervisor was properly
   held before the township board as a board of canvassers
   under 1 Comp. Laws, § 3725, one of the candidates who was a
   member of the board not participating in the proceedings,
   and the contention that the inspectors of election had juris-
   diction is not sustained.

3. SAME—PETITION—PRECINCTS.
   The recount was properly limited to the precinct in which the
   petition alleged fraud and mistake occurred.

4. SAME—OFFICERS—BOOKS AND RECORDS—MANDAMUS—REMEDIES.
   Respondent, who was declared elected to the office of super-
   visor by the township board after a recount and who took
   the oath of office and assumed the functions thereof, may not
   be dispossessed on mandamus, by which title to office is not
   triable.

Mandamus by James H. Miner against E. Miller Beur-
mann, to test respondent's right to the office of super-
visor. Submitted April 18, 1911. (Calendar No. 24,580.)
Writ denied May 8, 1911.

*E. A. & L. E. Stowe,* for relator.

*James A. Greene,* for respondent.

STONE, J. Upon the petition of the relator, an order
was made that the respondent show cause why he should
not be directed to turn over to relator all of the records,

books, and papers belonging to the office of the supervisor of the township of Howell, in Livingston county.

It appears that at the election held on April 3, 1911, the relator and the respondent were duly and regularly nominated by their respective parties for the office of supervisor of said township, and both received votes at said election therefor. The township is divided into two voting districts, in each of which both of said parties received a number of votes as follows: According to the report made by the district inspectors of election, relator received in district No. 1, 187 votes, and respondent 198 votes, and in district No. 2, relator received 203 votes, and respondent 191 votes, making in all 779 votes cast for said office, of which relator had 390 votes, or a majority of one.

The petition of relator states that at the conclusion of the canvass and count of said inspectors, he was declared by said inspectors of election duly elected supervisor of said township for the ensuing year. While this statement in the petition is formally denied by respondent, yet from the fact that he made a petition for a recount we are led to conclude that the statement of the petition in that respect is correct.

The township board at the time of this election consisted of the respondent as supervisor, Alfred E. Papworth, deputy township clerk ( who was performing the duties of that office by reason of the sickness of the township clerk ), and Herbert Satterlee and William O. Earl, justices of the peace. The respondent being a candidate for re-election, and said Alfred E. Papworth being a candidate for the office of justice of the peace, they were both barred from acting as inspectors of election at said election, and other electors were chosen to act in their stead at the election in district No. 1. See section 3612, 1 Comp. Laws. The two oldest justices of the peace, however, acted as inspectors.

It appears that on April 5, 1911, respondent filed a petition for a recount of the ballots cast for the office of su-

pervisor in precinct, or district, No. 1 of said township, with said Alfred E. Papworth, deputy township clerk, who was still acting as above stated, and at the same time deposited with that officer the sum of $10, to defray the expenses of said recount, in case he did not establish fraud, error, or mistake in the original canvass of said votes in said district. A copy of the petition and written notice of the time and place of hearing said petition, signed by said deputy township clerk, were duly served on relator. On April 7, 1911, the township board met at the hour and place designated in said notice. The relator did not appear.

The respondent did not act as a member of the board during such recount. Said Alfred E. Papworth, deputy township clerk, was designated as chairman of a committee for the purpose of such recount. Herbert Satterlee was designated by respondent for the second member of said committee, and the relator, not appearing in person or by attorney, and designating a third member of said committee, and after waiting one hour from the time stated in said notice, said board designated from its number a third member of said committee, to wit, W. O. Earl, which committee thus designated proceeded to open the ballot box, wherein the ballots cast for supervisor in said precinct or district No. 1 were deposited, and canvassed and corrected the claimed errors and mistakes made in the original canvass of the same, and made their report in writing to said board of canvassers as follows:

"To the Township Board of the Township of Howell, Livingston County, Michigan, Board of Canvassers of Said Township:

"In the matter of the recount of the ballots cast for supervisor in the first precinct of the township of Howell, Michigan, upon the petition of E. Miller Beurmann: Your committee on above recount did investigate the errors, mistakes, or frauds complained of in said petition, and did, in the office of the township board of the township of Howell, in the courthouse in said township, that being a public place where said candidates and their counsel could be present, did, on the 7th day of April, 1911, convene at 9

o'clock a. m., and after adjourning to 1 o'clock of the same day did proceed to open the ballot box from the first voting precinct of the said township of Howell in which the ballots for supervisor were deposited at the election held on Monday, the 3d day of April, A. D. 1911, and did make recount thereof as to such candidates for supervisor, and a correct and full return in writing thereof is as follows: The whole number of votes given for said office of supervisor was three hundred and eighty-three (383), and the names of the candidates upon the ballots were E. Miller Beurmann and James H. Miner; and that, of the said whole number of votes given, one hundred and ninety-nine (199) votes were given to E. Miller Beurmann, and one hundred and eighty-four (184) votes were given to James H. Miner.

"In witness whereof the said committee, by each member thereof, certify the above to be a correct and full return in writing under their hands to said board.

"Dated, Howell, Michigan, April 7, A. D. 1911.
                    "Committee by,
                        "A. E. PAPWORTH, Chairman.
                        "W. O. EARL, J. of P.
                        "HERBERT SATTERLEE, J. of P.
"Returned and filed in the office of the township clerk of Howell township this 7th day of April, A. D. 1911.
                        "ALFRED E. PAPWORTH,
                            "Dept. Township Clerk."

It will be noted that, both by the petition and answer, it appears that in district or precinct No. 2, relator received 203 votes, and respondent 191. The change by recount in district No. 1 resulted in giving the respondent a majority of three in the township.

The statute (section 3725, 1 Comp. Laws) provides that:

"Said board of canvassers, upon receiving the report of such committee, shall accept the same as correct, anything in the previous declaration, certificate or returns from such township, ward or village to the contrary notwithstanding."

We attach no importance to the fact that respondent signed with the other members the final determination or certificate. The report above set forth was conclusive of the facts stated, and, a majority of the board having signed, his signature was not necessary. On April 8th

the final record was made, declaring respondent elected, and, having taken the oath of office, he entered upon its duties. The constitutional oath of office was taken by relator on April 7th, and filed with the township clerk on April 8th.

It is the claim of relator that the action of the township board in the recount proceedings, as a board of canvassers, was a nullity for the reasons:

(1) That the recount proceedings should have been taken before the inspectors of election in this instance, because of the disqualification of the respondent and of Mr. Papworth. It already appears that the respondent took no part in the recount, and Mr. Papworth, the deputy township clerk, not being interested, and his rights not being affected by the recount, it cannot be held that he was disqualified to act. We think that the proceeding was properly had before the township board as a board of canvassers, under the provisions of section 3725, 1 Comp. Laws.

(2) It is urged by relator that a recount could not legally be made of one district or precinct only, but should have been of the whole township. We are of opinion that the recount should be limited to the ballot box in the precinct named in the petition. The petition only complained of error, mistake, or fraud in the first precinct. *May* v. *Board of Canvassers*, 94 Mich. 505–512 (54 N. W. 377). The petition must show which box the mistake or fraud is in, and the recount limited to that. 15 Cyc. p. 430.

An examination of the statutes involved leads us to the conclusion that the recount proceedings were regular and valid. This being so, and the respondent having been declared elected, and having taken the oath and entered upon the duties of the office, before these proceedings were begun, we cannot say upon this record that the relator is *prima facie* entitled to the books and papers of the office. *Curran* v. *Norris*, 58 Mich. 512 (25 N. W. 500); *Ashwell* v. *Bullock*, 122 Mich. 620 (81 N. W. 577); *Murta* v. *Carr*, 140 Mich. 606 (104 N. W. 27).

We cannot in this proceeding try the title to this office. Mandamus is not the proper remedy.   *Frey* v. *Michie*, 68 Mich. 323 (36 N. W. 184); *Maynard* v. *Board of Canvassers*, 84 Mich. 228 (47 N. W. 756, 11 L. R. A. 332); *Packard* v. *Board of Canvassers*, 94 Mich. 450 (53 N. W. 934); *Attorney General* v. *Looker*, 111 Mich. 498 (69 N. W. 929); *Keeler* v. *Deo*, 117 Mich. 1 (75 N. W. 145); *Pipper* v. *Wayne Circuit Judges*, 122 Mich. 688 (81 N. W. 962); *Lachance* v. *Board of Canvassers*, 157 Mich. 679 (122 N. W. 271).

Writ denied.

OSTRANDER, C. J., and HOOKER, BIRD, and MOORE, JJ., concurred.