PEOPLE, *ex rel.* ARTIS, *v.* RANN.

1. ELECTIONS—RECOUNT—SUPERVISOR—TOWNSHIP BOARD.
   A petition for a recount of the votes cast for the office of township supervisor was properly filed with the township clerk, and the township board was a board of canvassers for the purpose of the recount.

2. STATUTES—CONSTRUCTION—WORDS IN BRACKETS.
   Although words inserted in brackets by a compiler form no part of the statute, parenthetic words, phrases, sentences, or paragraphs in the act when passed by the
   215—Mich.—16.

legislature and approved by the governor are as truly statute law as any other part of the act.

3. ELECTIONS—RECOUNT—MEMBERS OF BOARD DISQUALIFIED AS ELECTION INSPECTORS NOT DISQUALIFIED ON RECOUNT IF NOT INTERESTED.

> Two members of the township board, who were disqualified from being inspectors of election because they were candidates for re-election were not thereby disqualified to act as members of the board in making a recount, where they were not interested in, nor their rights affected by, the recount.

Error to Cass; Des Voignes (L. Burget), J. Submitted June 24, 1921. (Docket No. 123.) Decided July 19, 1921.

Quo warranto proceedings by the people of the State of Michigan, on the relation of Mathew T. Artis, against John W. Rann to try the title to the office of supervisor of Calvin township. Judgment for defendant. Plaintiff brings error. Affirmed.

*Carl D. Mosier*, Prosecuting Attorney (*Clarence M. Lyle*, of counsel), for appellant.

*Thomas J. Cavanaugh*, for appellee.

CLARK, J. At the April, 1921, election, the parties were rival candidates for the office of supervisor. The inspectors of election determined and certified the election of plaintiff, who then qualified. Defendant filed with the township clerk a petition for a recount, and paid therewith the statutory sum of $10. The township clerk, on April 9th, convened the township board for the recounting of the ballots. Following the recount by the township board, defendant was declared elected. He qualified and took the office. Plaintiff brought quo warranto. Defendant had judgment, and plaintiff presents here three questions:

"(1) Had the said township board of Calvin township the authority to make the said recount?

"(2) Was respondent's petition for a recount properly filed with the township clerk, instead of with the clerk of the canvassing board?

"(3) If the township board could make the recount, were two of the members of the town board making the recount disqualified to make it because they were disqualified by the statute from being inspectors of election as they were candidates for re-election?"

1 and 2.    Plaintiff refused to recognize the right of the township board to make the recount, took no part in the same, and insists that the petition for a recount should have been filed with one of the clerks of the election rather than with the township clerk and that the inspectors of election were a board of township canvassers, whose duty it was to make the recount.    Defendant contends that the petition was properly filed with the township clerk and that the township board was a board of canvassers for the purpose of the recount.    Under the holding in *Miner* v. *Beurmann*, 165 Mich. 672, defendant must prevail unless Act No. 267, Public Acts of 1897 (1 Comp. Laws 1897, § 3725, 1 Comp. Laws 1915, § 3819), has been changed substantially by chapter 20, Act No. 203, Public Acts of 1917.    The statutes mentioned and the case cited are accessible and we shall not quote here from them.    A comparison of the acts mentioned shows a change in words rather than in substance.    The case cited is decisive of the questions here considered.    In passing, we note what counsel for plaintiff consider a substantial change made by the act of 1917.    In the act of 1897, the following appears in parentheses:

"(The usual final adjournment of a township board of canvassers shall be deemed subject to the recall of the board as herein provided.)"

The same language is found without parentheses

in the act of 1917.    Citing *Drain Commissioner* v. *Baxter*, 57 Mich. 128, counsel say that—

"Words in brackets form no part of the law as approved by the governor, and they have no proper place in the statute,"

—and that, therefore, the sentence quoted was not statute law when the *Miner Case* was decided. Words inserted in brackets by a compiler form no part of the statute. This is the extent of the holding in *Drain Commissioner* v. *Baxter, supra*. But parenthetic words, phrases, sentences or paragraphs in an act passed by the legislature when approved by the governor are as truly statute law as any other part of the act. The parenthetic words above quoted were in the act of 1897 when it was approved.

3. The two members of the township board were not disqualified to act by reason of having been candidates for re-election. They were not interested in, nor were their rights affected by, the recount. See *Miner* v. *Beurmann, supra*.

Judgment affirmed, with costs to defendant.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.