### LINDQUIST v. LINDHOLM.

1. QUO WARRANTO—TEST OF RIGHT TO HOLD OFFICE—VIOLATION OF CITY CHARTER.
   Whether alderman, by reason of fact that he voted for himself for mayor *pro tem.*, claimed to be in violation of city charter, had legal right to hold said office, should be tested by *quo warranto* proceeding, and not by petition for recall.

2. SAME—RIGHT TO OFFICE MUST BE TRIED BY QUO WARRANTO.
   Only way to try title to office finally and conclusively is by *quo warranto* (3 Comp. Laws 1929, § 15271 *et seq.*).

---

On provision for testing election of city officer before city council or other municipal body as exclusive of *quo warranto,* see annotation in 26 L. R. A. (N. S.) 208.

3. Municipal Corporations—Recall of Alderman—Statutes—
   Sufficiency of Recall Petition.
   Petition for recall of alderman on ground that he had violated
     city charter by voting for himself for mayor *pro tem.* did not
     state reasons furnishing "information to the electors on which
     they may form a judgment when called upon to vote," as
     required by 1 Comp. Laws 1929, § 3383, because ordinary voter
     could not intelligently express judgment thereon, and there-
     fore petition was insufficient to warrant recall election.

Appeal from Dickinson; Bell (Frank A.), J.   Sub-
mitted January 19, 1932.   (Calendar No. 35,983.) ·
Decided April 4, 1932.

Mandamus by Edward O. Lindquist to compel
Harold C. Lindholm, Iron Mountain city clerk, and
Louis Sacchetti and others, board of election com-
missioners, to vacate call for special election for
recall of plaintiff.   Writ denied.   Plaintiff appeals.
Reversed.

*Daniel J. O'Hara,* for plaintiff.

*Ray E. MacAllister, amicus curiæ.*

Sharpe, J.   Petitions for the recall of the plain-
tiff from the office of alderman of the fourth ward
of the city of Iron Mountain were circulated, signed
by the requisite number of voters, and filed with the
defendant city clerk, as provided for in section 51 of
the charter of said city.   The reason assigned for
the recall here relied upon was thus stated:

"Second.   That Alderman Edward O. Lindquist
voted for himself for the office of mayor *pro tem.*
of the city council at the meeting of the council,
May 4, 1931, and thereby violated section 10 of the
city charter, which says: 'No alderman shall vote on
any question in which he shall have a direct personal interest.' "

A call for a special election pursuant thereto was issued, whereupon the plaintiff filed his petition herein for mandamus to "vacate and countermand" such call and to restrain the defendant board of election commissioners from preparing the ballots therefor. An order to show cause was issued, and, after return thereto and hearing had, the trial court denied the same. An appeal to this court was allowed.

On consideration of the record and briefs presented, it seemed to us that the question to be decided was whether the plaintiff was legally elected mayor *pro tem.* by the city council. We thereupon requested counsel to file briefs expressive of their views on this question. With the aid of those furnished we have given the matter further consideration, and are impressed that the right of plaintiff to hold this office should be tested by a *quo warranto* proceeding, and may not be made the basis of a petition for recall.

If the plaintiff had the right to vote for himself in the election of a mayor *pro tem.* by the council, he is entitled to perform the duties of that office; if not, then no mayor *pro tem.* was elected by the council, and the plaintiff has no legal right to fill the office.

This court has many times held that the only way to try titles to office finally and conclusively is by *quo warranto. Curran* v. *Norris,* 58 Mich. 512; *Frey* v. *Michie,* 68 Mich. 323; *Gildemeister* v. *Lindsay,* 212 Mich. 299.

The provisions for such a proceeding are clearly outlined in the statute. 3 Comp. Laws 1929, § 15271 *et seq.* The office in question is one provided for in the charter of the city under the power conferred on it by the Constitution and laws of the State.

The impropriety of permitting plaintiff's right to hold this office to be tested by a recall would seem apparent. The statute relating thereto (1 Comp. Laws 1929, § 3383) provides that the petition therefor "shall state clearly the reason or reasons for said demand." In *Newberg* v. *Donnelly,* 235 Mich. 531, 534, it was held that the statement of the reasons "must be such as will furnish information to the electors on which they may form a judgment when called upon to vote." See, also, *People, ex rel. Elliot,* v. *O'Hara,* 246 Mich. 312.

Plaintiff's right to vote for himself for the office in question under the charter provision involves a construction of the language used therein upon which attorneys and courts may well differ, and, in our opinion, the ordinary voter could not intelligently express a judgment thereon. The writ will issue as prayed for in the petition.

As this question was not raised on the hearing in the trial court, and as the matter is one of public interest, no costs will be allowed.

CLARK, C. J., and MCDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.