ALEXANDER PARISEAU v. THE BOARD OF EDUCATION OF THE CITY OF ESCANABA.

*Public officers—Mandamus—Resignation—Election to fill vacancy —Estoppel.*

1. *Mandamus* is not the proper proceeding by which to oust from office an acting officer, who is not a party thereto.

2. Where a member of the board of education of a city places his resignation in the hands of the president of the board just prior to the charter election, after which he accepts a nomination for alderman in a caucus which places in nomination a candidate to fill the vacancy supposed to have been created by such resignation, both of whom are voted for at the election, and a nominee to fill such vacancy is declared elected on a

canvass of the votes by the common council, to which such resig-nation should have been tendered, and which alone had power to accept it, and the board of education admits said nominee to a seat in its body, said member is not in a position to question the validity of such action on the ground that the board alone had the power to fill the vacancy, if one existed, and that he never tendered his resignation to the common council, for which reason no vacancy existed, to be filled by election or otherwise.

*Mandamus.* Argued June 20, 1893.     Denied June 30, 1893.

Relator applied for *mandamus* to compel respondent to rescind a resolution declaring James R. Champ entitled to a seat on said board, and to admit relator as a member thereof. The facts are stated in the opinion.

*Carey & White* for relator.

*Cahill & Ostrander,* for respondent.

LONG, J.     Relator asks the writ of *mandamus* to compel the respondent to rescind a motion adopted by it May 3, 1893, declaring one James R. Champ entitled to the seat on said board held by relator, and to compel the respondent to admit him as a member of the board.

In the petition it is claimed that relator was duly elected a member of the board at a charter election held in the city of Escanaba in April, 1892, for the term of two years; that he duly qualified and acted as a member of the board until prevented by the action of the board, seating Mr. Champ in his place. Relator further sets up in his petition that he contemplated resigning his office, and handed his written resignation to the president of the board, but before it was acted upon he withdrew it, and it was returned to him. He further shows that the charter of the city of Escanaba provides that all resignations from office shall be made to the city council, subject to its

approval and acceptance, and that he never offered any resignation to that body; that the city clerk, without authority, acting upon information and belief, caused notice to be published before the election, in April, 1893, that there would be an election to fill a vacancy, and the election was held for that reason; that he has performed the duties of the office since his election, in April, 1892, and was present at the meeting of the board on May 3, 1893, ready to take part in its proceedings, but was prevented by the board adopting the resolution unseating him, and seating Mr. Champ.

It is admitted by the answer that the charter of the city provides that one school inspector from each ward shall be elected annually for the term of two years, and to hold their offices until their successors are elected and qualified, and that such inspectors shall constitute the board of education. Act No. 241, Local Acts of 1891. It is also admitted that under the provisions of the charter the resignations of officers shall be made to the common council, which consists of the mayor and aldermen, subject to its approval and acceptance. It is also admitted that relator was duly elected a member of the board in 1892, and acted as such until a meeting of the board held in March, 1893. It is alleged in the answer that in March, 1893, and prior to the holding of caucuses for the nomination of city and ward officers, the relator placed in the hands of the president of the board of education his written resignation from the board, and became a candidate for alderman of his ward, was nominated by his party, and accepted such nomination, had his name printed upon the ballot as such candidate, and was voted for as such alderman in April, 1893, but was defeated for that office; that relator participated in the caucus, and that in said caucus one Magnus Matson was nominated for school inspector to fill the vacancy caused by relator's resignation; that prior

to the holding of said caucuses the president of the board gave notice to the city clerk that an election would be held to fill such vacancy, and the clerk, acting upon such information, gave notice of such election; that Mr. Champ was also nominated in a caucus held for the nomination of city and ward officers, and was duly elected; that these votes for candidates for city and ward offices were canvassed by the common council of the city, and Mr. Champ declared elected to the office of school inspector, and he was admitted as a member of the board of education.

It is conceded that under section 18, chap. 4, of the charter of Escanaba, vacancies occurring in the board of education are to be filled by the board itself. It is therefore contended by the relator—

1. That the election by the electors of the city was void, for the reason that the board alone had the right and power to fill the vacancy, if there was a vacancy.

2. That the relator never tendered his resignation to the body authorized to act upon or accept it, and therefore no vacancy had occurred, to be filled even by the board itself.

The question, however, is presented, whether the relator is now in a position to raise these questions. He did tender his resignation to the president of the board, and it is apparent that he knew that his successor was nominated and presented to the electors as a candidate for the place. He took part in the caucus, and was himself a candidate for another office before the caucus, receiving a nomination at its hands. He knew the election was to be held to fill the vacancy, and acquiesced in that. The votes cast for the office were returned to the common council, canvassed by it, and the result declared,—that Mr. Champ was duly elected. The board of education, acting upon that declaration, admitted Mr. Champ as a member. The relator then, for the first time after the tender of his

96 MICH.— 20.

resignation, set up a claim that his resignation was to the wrong body, and that the election of Mr. Champ was void. This must be presumed to be the first knowledge the board had of the relator's claim, from the fact that it is nowhere shown when he withdrew his resignation, or that the board had any knowledge of his claim till then.

It is true that by the provisions of the charter his resignation should have been tendered to the common council, but the clerk of the city had been advised that there was to be a vacancy, and, acting in good faith, published the notice of election. The vote was taken, and the council acted upon it, declaring Mr. Champ elected. This was equivalent to an acceptance of the relator's resignation, under the circumstances, by the council. The vacancy, by this act, was then declared, even if the relator were in a position to set up the claim of want of vacancy; and, though the election by the people may not be considered as giving Mr. Champ a right on the board, yet the action of the board after the vacancy thus occurred legally seated Mr. Champ, as the board, in case of a vacancy, had a right to fill it.

We think the circumstances are such, even if this were not the legal effect of the action of the common council and the board of education, that the relator is not in a position to set up a claim to a seat on the board. It was his own action that brought about this state of affairs, and there is no showing that the board has not acted in the utmost good faith.

The writ should also be refused on another ground. Mr. Champ took his seat on the board after his election, and has been exercising the duties of the office since. He is not made a party to these proceedings, and the effect of the order asked would be to oust him from the office. *Mandamus* is not the proper proceeding to oust him.

*People v. Common Council*, 18 Mich. 338; *School-Dist. v. Root*, 61 Id. 373; *Frey v. Michie*, 68 Id. 323; *Hallgren v. Campbell*, 82 Id. 255.

The writ must be denied.

The other Justices concurred.