PEOPLE, *ex rel.* SUTHERLAND, *v.* FORD.

PUBLIC OFFICERS — APPOINTMENT — QUO WARRANTO—VILLAGES— MUNICIPAL CORPORATIONS.

After the resignation of a member of the board of village trustees, and the holding of a special election to elect a successor, the council of the village determined the result of the election, declaring the respondent elected. A motion was carried permitting the candidate to qualify at once and to take office. *Held* that although, under 1 Comp. Laws, § 2711, the special election was invalid, and the vacancy should have been filled by appointment, the action of the village council complied with the statutory requirement and that quo warranto would not lie to oust respondent and vacate the office.

Error to Muskegon; Sessions, J. Submitted October 25, 1910. (Docket No. 110.) Decided November 11, 1910.

Information in the nature of quo warranto on the rela-

tion of Alexander Sutherland, prosecuting attorney, against Joseph C. Ford, Jr., to determine the right of respondent to the office of village trustee. Judgment for respondent, and relator brings error. Affirmed.

*Alexander Sutherland*, Prosecuting Attorney (*Cross, Vanderwerp, Foote & Ross*, of counsel), for relator.

*William Carpenter*, for respondent.

STONE, J. This is a proceeding in the Muskegon circuit by information in the nature of quo warranto against Joseph C. Ford, Jr., to determine his right to hold the office of trustee of the village of Fruitport, a village organized under the general act relating to the incorporation, powers, and duties of villages within this State. A vacancy having occurred in the office of trustee, the council of the village ordered a special election for the purpose of electing a trustee to fill such vacancy. The election was held, and respondent Joseph C. Ford, Jr., received a majority of the votes cast at the election. The council met March 30, 1910, and determined the result of the election, whereupon the following proceedings were had:

"Moved by Kline and seconded by Seibert that J. C. Ford, Jr., be declared elected. Carried. Moved by Seibert, supported by Hendryx, that J. C. Ford, Jr., be allowed to qualify at once, and take his seat in the council. Carried."

Respondent thereupon qualified as such trustee, took his seat in the council, and thereafter participated in its proceedings, and thenceforth claimed the right to hold, exercise, and enjoy said office. It is conceded by counsel for the respective parties that a vacancy in the office of trustee of a village in this State must be filled by appointment by the council, as provided by section 2711, 1 Comp. Laws, which reads as follows:

"Any vacancy occurring in the office of president, trustees or any other elective office, shall be filled by appointment by the council, and such appointee shall hold his

office until the next annual election thereafter.   All vacancies in any other office shall be filled by the president, by and with the consent of the council."

It is also conceded that the aforesaid election was of no force or validity in entitling respondent to the office.   But it is claimed by the respondent, and was so held by the circuit judge, that the action of the council above set forth constituted and amounted to an appointment of respondent to the office of trustee under the statute.   The respondent had judgment, and the relator has brought error.   The correctness of the ruling below is challenged by the assignments of error; it being the claim of the relator and appellant that the council never exercised its appointive power to fill the vacancy, and that said office is still vacant, and must remain so until the council shall have exercised that judgment and discretion without which no appointment to office can be made.

It is the claim of the respondent that some light is thrown upon the intention and action of the council at its said meeting of March 30, 1910, by what it did immediately after it seated respondent as aforesaid, relating to another vacancy in the office of trustee.   The following resolution was offered:

" Whereas, a vacancy has been created by the resignation of H. J. Curtiss, as trustee, and whereas, the village has been put to the extra expense of one special election, and whereas, at said special election, out of ninety-four votes cast, one Arthur Gallup received forty-five votes: Therefore be it resolved that said Arthur Gallup be appointed as trustee by the council, to fill the vacancy caused by the resignation of said H. J. Curtiss.  Trustee Hendryx moved the foregoing resolution be adopted, supported by Gilbert.   Moved by Seibert, supported by Kline, that the motion be amended by striking out the words ' be adopted,' and inserting ' be submitted' to competent legal authority by the president, and a written legal opinion be secured as to the legality of the council filling the existing vacancy, without holding aspecial election, and that said legal opinion be submitted to the council at the regular April meeting.   Carried."

It is the claim of counsel for respondent that from the foregoing action it will be seen that it was already in the minds of the members of the council that the vacancy must be filled by an appointment by that body.

Perhaps the vital question here is: Does it appear that the council by its action designated the respondent as the person who should assume and perform the duties of the office in question? Upon that subject the learned circuit judge said:

" I am of the opinion that the action taken by the council can be construed in no other way than as an appointment. By 'appointment' is meant a selection, an election, a designation, a choosing, and the language is fit and proper to indicate a choice of Mr. Ford to act as trustee of the village. And more than that, the fact that he was designated, that he accepted the office, that he qualified, and was permitted to sit as a trustee upon the board of trustees, or the council, is sufficient in itself to constitute an appointment. It was a recognition of his right, and a selection of Mr. Ford to that office. The language is appropriate, and it matters not whether the selection was made in accordance with the express wishes of the people of the village of Fruitport, at the election (which could have been nothing more than advisory in any event), or whether it was the independent action of the council. In either event Mr. Ford was duly appointed to the office of trustee, and is entitled to hold that office."

We fully concur in the views above expressed, and are of opinion that the question here involved was settled by this court in *Pariseau* v. *Board of Education of City of Escanaba*, 96 Mich. 302 (55 N. W. 799). That was a mandamus case commenced in this court. It was there held that where a member of the board of education of a city places his resignation in the hands of the president of the board just prior to the charter election, after which he accepts a nomination for alderman in a caucus which places in nomination a candidate to fill the vacancy supposed to have been created by such resignation, both of whom are voted for at the election, and a nominee to fill such vacancy is declared elected on a canvass of the

votes by the common council, to which such resignation should have been tendered, and which alone had power to accept it, and the board of education admits said nominee to a seat in its body, said member is not in a position to question the validity of such action on the ground that the board alone had the power to fill the vacancy, if one existed, and that he never tendered his resignation to the common council, for which reason no vacancy existed, to be filled by election or otherwise.

Here it appeared that relator's resignation was not acted upon by the proper body, and that the incumbent whose place he sought to obtain had not been appointed by the board of education, unless its action in declaring him entitled to a seat was equivalent to such appointment. This court held the resignation effective, and a vacancy thereby occasioned, and the choice of Mr. Champ—the incumbent—as a member of the board valid. We quote from page 306 of 96 Mich. (55 N. W. 801):

" It is true that by the provisions of the charter his (relator's) resignation should have been tendered to the common council, but the clerk of the city had been advised that there was to be a vacancy, and, acting in good faith, published the notice of election. The vote was taken, and the council acted upon it, declaring Mr. Champ elected. This was equivalent to an acceptance of the relator's resignation, under the circumstances, by the council. The vacancy, by this act, was then declared, even if the relator were in a position to set up the claim of want of vacancy; and, though the election by the people may not be considered as giving Mr. Champ a right on the board, yet the action of the board, after the vacancy thus occurred, legally seated Mr. Champ, as the board, in case of a vacancy, had a right to fill it."

There, the board of education, acting upon the declaration made by the council that Mr. Champ was elected, admitted him as a member. The mere admission to membership in the board was all the indication there was that the board had actually selected and designated him as the person to fill the vacancy then existing.

In this case, the council itself, the body of which re-

spondent became a member, declared him elected, and thereby ratified and approved the action of the electors, and then by special motion admitted him to a seat in its body, thus specifically designating him as the one who should fill the vacancy. There is no question raised but that the council acted in good faith, and with the desire that respondent should occupy the office which he now holds.

We think his appointment was valid, and the judgment of the court below is affirmed.

BIRD, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.